# United States Court of Appeals for the Federal Circuit

2007-7119

FRANCES D. TARVER,

Claimant-Appellee,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellant.
.

Zachary M. Stolz, Chisholm, Chisholm & Kilpatrick, of Washington, DC, argued for claimant-appellee. Of counsel was Robert V. Chisholm, of Providence, Rhode Island.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief was Jeanne E. Davidson, Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2007-7119

FRANCES D. TARVER,

Claimant-Appellee,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellant.

Appeal from the United States Court of Appeals for Veterans Claims
in 04-0283, Judge Alan G. Lance, Sr.

———————————————

DECIDED:  March 5, 2009

———————————————

Before NEWMAN, BRYSON, and LINN, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

This case requires us to revisit an issue we addressed recently, albeit in a somewhat different context.  At issue is a regulation promulgated by the Department of Veterans Affairs governing entitlement to benefits for the surviving spouses and children of disabled veterans.  The question before us, which is closely akin to the question that was presented to us in <u>Rodriguez v. Peake</u>, 511 F.3d 1147 (Fed. Cir. 2008), is whether that regulation should be given retroactive effect with respect to a spousal claim filed before the regulation was issued.

I

The surviving spouse, children, and parents of a deceased veteran may qualify for dependency and indemnity compensation ("DIC") if the veteran died from a service-connected or compensable disability. 38 U.S.C. § 1310. In addition, the surviving spouse and children may qualify for DIC if the veteran received, or was "entitled to receive," benefits for a service-connected disability that was rated totally disabling for the 10-year period preceding the veteran's death. 38 U.S.C. § 1318(b).

In 1990, the General Counsel of the Department of Veterans Affairs ("DVA") issued a precedential opinion directed to the question whether a survivor may pursue a claim under section 1318(b) even though in an earlier adjudication the DVA had established an effective date for the veteran's total disability benefits that was less than 10 years before the veteran's death. DVA Op. Gen. Counsel Prec. 68-90 (July 18, 1990). The opinion concluded that survivors did not have an unrestricted right to initiate or reopen disability proceedings in order to show that the veteran's total disability benefits should have been granted as of a date early enough to enable the survivors to qualify for DIC benefits. Based on the legislative history of that portion of section 1318, the opinion interpreted the words "entitled to receive" to mean that a survivor could challenge a prior final disability decision only if the survivor could show clear and unmistakable error in the DVA's earlier adjudication as to the veteran's total disability claim. Thus, the opinion concluded that in order to state a claim under section 1318, a survivor had to show either (1) that the deceased veteran actually received qualifying benefits; or (2) that he or she would have been "entitled to receive" such benefits but for

the DVA's having committed clear and unmistakable error in adjudicating a previous claim by the veteran.

In a series of cases in 1997 and 1998, the Court of Appeals for Veterans Claims ("the Veterans Court") rejected the General Counsel's interpretation of section 1318 and held that DIC claimants may establish their entitlement to benefits under section 1318 by proceeding on a "hypothetical entitlement" theory. See Green v. Brown, 10 Vet. App. 111 (1997); Carpenter v. West, 11 Vet. App. 140 (1998); Wingo v. West, 11 Vet. App. 307 (1998). In Green, for example, the court held that even though the veteran's claim for total disability benefits had been denied and the denial had become final, the surviving spouse could use any available evidence to "demonstrate that the veteran hypothetically would have been entitled to receive a different decision" on the prior disability claim. 10 Vet. App. at 118. The Secretary of Veterans Affairs did not appeal the Veterans Court's decisions in Green, Carpenter, and Wingo, notwithstanding the apparent conflict between those decisions and the DVA's stated understanding of section 1318 expressed in the earlier General Counsel opinion. Instead, on January 21, 2000, the DVA promulgated a rule, now codified at 38 C.F.R. § 3.22, that had the effect of overruling the Green line of cases. The new rule interpreted section 1318(b) to authorize the payment of DIC benefits only in cases in which the veteran had actually obtained total service-connected disability compensation for the period required by the statute or would have obtained benefits for that period but for clear and unmistakable error by the DVA. See 65 Fed. Reg. 3388 (Jan. 21, 2000).

Mrs. Tarver filed a section 1318 claim shortly after the death of her husband, Fred L. Tarver, in June 1999. The DVA had previously established that Mr. Tarver's combined disability rating was 70%. His rating had been increased as of May 11, 1990, at which time he was given a TDIU rating (total disability based on individual unemployability) and began to receive total disability benefits. Because Mr. Tarver did not receive total disability benefits for a period of 10 years immediately prior to his death, Mrs. Tarver was not entitled to DIC benefits on that basis. Instead, she invoked the hypothetical entitlement approach that had been endorsed by the Veterans Court in Green. Under that approach, she argued, Mr. Tarver's TDIU rating should have been awarded as of an earlier date that would have resulted in his receiving total disability benefits for more than 10 years before his death in 1999.

Both the DVA's regional office and the Board of Veterans' Appeals denied Mrs. Tarver's section 1318 claim on the basis of newly promulgated rule 3.22. She appealed to the Veterans Court, which ruled that the Board had erred in applying the current version of rule 3.22 rather than the version that was in effect when Mrs. Tarver filed her claim for benefits. The court therefore vacated the decision of the Board and remanded for further consideration of Mrs. Tarver's allegations insofar as they pertained to her husband's hypothetical entitlement to disability benefits for the 10 years preceding his death. The government then took this appeal.

III

In Rodriguez v. Peake, we addressed the question whether the 2000 amendment to rule 3.22 should be given retroactive effect to a claim filed before the amended rule

became effective. We analyzed that question under the three-part test outlined in Princess Cruises, Inc. v. United States, 397 F.3d 1358, 1362-63 (Fed. Cir. 2005), and determined that it was appropriate to give the amended rule retroactive effect as applied to Mrs. Rodriguez's claim. 511 F.3d 1147, 1156 (Fed. Cir. 2008).

In the Rodriguez case, Mrs. Rodriguez had filed her DIC claim not only before the amended rule was issued, but also before the Veterans Court's decision in Green was issued. In that respect, Rodriguez differs from this case, in that Mrs. Tarver's claim was filed before the amended rule was issued, but after the Veterans Court's decision in Green. With respect to Mrs. Rodriguez's claim, we stated that although Green "injected new hope into her case," Mrs. Rodriguez neither relied on that decision nor had a settled expectation of success at the time she filed her claim. Id. For that reason, among others, we held that it was not impermissible to apply the new regulation to her claim, even though she filed her claim before the regulation was adopted.

The parties agree that this case is distinguishable from Rodriguez only in that Mrs. Tarver filed her DIC claim after Green had been decided. She contends that because she filed her claim after the decision in Green, she had reason to expect that she would be able to succeed on her hypothetical entitlement theory. We now consider whether the distinction between the two cases warrants an outcome different from that in Rodriguez.

A

The timing of Mrs. Tarver's claim is irrelevant to the first Princess Cruises factor—the nature and extent of the change in the law. 397 F.3d at 1364-65; see also Parkdale Int'l v. United States, 475 F.3d 1375, 1378-79 (Fed. Cir. 2007). In Rodriguez,

we held that the change in the law governing DIC claims was not significant because the amended regulation merely reinstated the DVA's earlier interpretation of section 1318. 511 F.3d at 1154. Our analysis of that factor did not turn on the filing date of Mrs. Rodriguez's claim because we assumed that Green applied retroactively and that, therefore, Mrs. Rodriguez "and others like her had a cognizable claim for DIC benefits under the 'hypothetical entitlement' approach." Rodriguez, 511 F.3d at 1153; see, e.g., SKF USA, Inc. v. United States, 512 F.3d 1326, 1330 (Fed. Cir. 2008) ("[J]udicial interpretations of existing statutes and regulations are routinely given retroactive application."). Accordingly, Rodriguez is controlling as to the first factor.

B

The second Princess Cruises factor is "the degree of connection between the operation of the new rule and a relevant past event." 397 F.3d at 1365-66. In determining whether the statute or regulation at issue has a significant nexus to relevant past events, we have frequently looked to whether the rule affects "primary conduct," i.e., the conduct that gave rise to the suit or claim at issue. Rodriguez, 511 F.3d at 1155; Parkdale Int'l, 475 F.3d at 1379; Princess Cruises, 397 F.3d at 1366; Goodyear Tire & Rubber Co. v. Dep't of Energy, 118 F.3d 1531, 1538 (Fed. Cir. 1997). Although rules affecting secondary conduct, such as conduct in the course of pursuing or litigating a claim, are not immune from retroactivity challenges, such rules "may often be applied in suits arising before their enactment without raising concerns about retroactivity." Landgraf v. USI Film Prods., 511 U.S. 244, 275 (1994); accord Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 229 (1995) ("Rules of pleading and proof can . . . be altered after the cause of action arises."). The application of such rules is informed,

however, by equitable considerations such as the posture of the case and the extent to which the parties have relied to their prejudice on the superseded rule. See, e.g., Valerio v. Crawford, 306 F.3d 742, 766 (9th Cir. 2002) (circuit rule on consideration of uncertified issues); TwoRivers v. Lewis, 174 F.3d 987, 995-96 (9th Cir. 1999) (tolling statute); see also Martin v. Hadix, 527 U.S. 343, 359 (1999) (noting that, in Landgraf, the Supreme Court "took pains to dispel the suggestion that concerns about retroactivity have no application to procedural rules").

Like the claimant in Rodriguez, Mrs. Tarver is "unable to point to anything she would have done differently had she known the effect of the 2000 amendment when she filed her claim." 511 F.3d at 1155. In order to prevail on her claim for section 1318(b) benefits, Mrs. Tarver had to demonstrate that her husband had a service-connected disability that was rated totally disabling for the 10 years immediately preceding his death. Mrs. Tarver does not seriously dispute the DVA's assertion that there is nothing she (or her husband) could have done between 1997, when Green was decided, and 2000, when the Secretary amended rule 3.22, that would have affected her eligibility for DIC benefits. If Mrs. Tarver's husband had known of the impending rule change when he filed his application for disability benefits, he might have brought his claim earlier or prosecuted it more vigorously in the first instance. But, of course, Mrs. Tarver's husband had no settled expectation of success on a hypothetical entitlement approach prior to the Veterans Court's first pronouncement on that issue in 1997. Accordingly, Mr. Tarver's failure to conform his conduct to the requirements of amended rule 3.22 cannot be attributed to the change in the law occasioned by that rule.

Our decision in <u>Rodriguez</u> also considered the effect of the amended rule on the law at the time Mrs. Rodriguez filed her claim. 511 F.3d at 1155. Since <u>Green</u> had not yet been decided, we concluded that the second factor favored giving the amended rule retroactive effect. <u>Id.</u> ("Rodriguez did not rely to her detriment on the prior state of the law."). In this case, by contrast, amended rule 3.22 changed the legal standards from those that were applicable when Mrs. Tarver's claim was filed. The change, however, related only to the scope of a survivor's right to raise a collateral challenge to the agency's initial assessment of the disability. Concerns about retroactivity are at their nadir when the rule change in question is directed only to the scope of collateral review of a prior adjudication. <u>See, e.g.</u>, <u>Horning v. Dist. of Columbia</u>, 254 U.S. 135, 139 (1920) (applying newly enacted harmless error statute, which changed the standard under which prior judgments were evaluated, to pending case); <u>Lindh v. Murphy</u>, 521 U.S. 320, 341 (1997) (Rehnquist, J., dissenting). In any event, even assuming that the second factor provides some support for Mrs. Tarver, the countervailing <u>Princess Cruises</u> factors weigh heavily against finding that according the regulation retroactive effect would be improper. <u>See, e.g.</u>, <u>Parkdale Int'l</u>, 475 F.3d at 1379.

C

Finally, we take account of the third of the <u>Princess Cruises</u> factors—the "familiar considerations of fair notice, reasonable reliance, and settled expectations." <u>Princess Cruises</u>, 397 F.3d at 1365-66.

In the section of our opinion in <u>Rodriguez</u> in which we analyzed the third factor, we adverted to the significance of the fact that Mrs. Rodriguez filed her claim prior to the Veterans Court's decision in <u>Green</u>. 511 F.3d 1155-56. That observation, however,

was not the sole basis for our decision. We also traced the "history" of the DVA's interpretation of section 1318, beginning with the issuance of the 1990 precedential opinion and through the various appeals to the Veterans Court, and found the DVA's position to be sufficiently consistent that it would not be unfair to charge Mrs. Rodriguez with "notice of the Department's interpretation of the 'entitled to receive' language." We further concluded that the DVA's unwavering opposition to hypothetical entitlement claims dispelled any suggestion that the Secretary's decision not to take appeals from Green, Carpenter, or Wingo was a sign of acquiescence in the Veterans Court's interpretation of section 1318(b). Id.

Mrs. Tarver's claim was filed against the same background of the DVA's decade-long commitment to interpreting section 1318 to foreclose claims based on the hypothetical entitlement theory. Under these circumstances, any expectation that the statutory interpretation set forth in Green was not subject to change through administrative action would have been objectively unreasonable. See, e.g., Parkdale Int'l, 475 F.3d at 1380 (advance notice of policy change sufficient to undermine petitioner's claim of reasonable reliance). We therefore conclude that the third factor weighs against Mrs. Tarver's position.

IV

Finally, we reject Mrs. Tarver's argument that general principles of retroactivity must give way in veterans' cases to the "benefit of the doubt" doctrine. In Karnas v. Derwinski, 1 Vet. App. 308, 313 (1991), the Veterans Court stated that "where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most

favorable to appellant should and we so hold will apply unless Congress provided otherwise or permitted the Secretary . . . to do otherwise and the Secretary did so." In Kuzma v. Principi, 341 F.3d 1327, 1329 (Fed. Cir. 2003), however, we expressly overruled Karnas to the extent that its application would conflict with binding authority from this court or the Supreme Court.

It would be inconsistent with our precedents in Princess Cruises and Rodriguez to hold the amended rule inapplicable to Mrs. Tarver's claim on the ground that it was filed before the amended rule took effect but after the Veterans Court's decision in Green. We therefore hold that the "benefit of the doubt" doctrine does not apply in this case, and that amended rule 3.22 must be applied to Mrs. Tarver's claim.

Each party shall bear its own costs for this appeal.

REVERSED.