NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7206

FRANCES D'ARIES,

Claimant-Appellee,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellant.

Appeal from the United States Court of Appeals for Veterans Claims in 03-1974, Judge Lawrence B. Hagel.

ON MOTION

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

The Secretary of Veterans Affairs responds to the court's June 17, 2008 order and requests that the court summarily reverse the judgment of the United States Court of Appeals for Veterans Claims in D'Aries v. Nicholson, No. 03-1974.

On September 17, 2003, the Board of Veterans' Appeals denied Frances D'Aries's 1999 claim for dependency and indemnity compensation (DIC), finding that D'Aries's husband was not in receipt of or entitled to receive compensation for a totally disabling service-connected disability for ten years prior to his death.

On appeal, the Court of Appeals for Veterans Claims reversed the Board's decision with respect to its conclusion that D'Aries was not entitled to DIC benefits because her husband was not in receipt of or entitled to receive compensation for a totally disabling service-connected disability for the ten years prior to his death. Specifically, the Court of Appeals for Veterans Claims concluded that D'Aries was entitled to benefits based on a "hypothetical entitlement theory" that was in force at the time D'Aires filed her claim for benefits in 1998. In January of 2000, an amendment to 38 C.F.R. § 3.22 eliminated the application of a hypothetical entitlement theory. The Secretary appealed.

This court stayed proceedings in this case pending disposition of Tarver v. Shinseki, 557 F.3d 1371 (Fed. Cir. 2009). In our opinion in Tarver, involving similar facts as the present appeal, we held that the § 3.22 amendment should be applied retroactively to bar the application of a hypothetical entitlement theory for claims filed prior to the amendment's effective date.

In the present case, with respect to the use of the hypothetical entitlement theory, it is clear that summary reversal is warranted and that D'Aries is not entitled to dependency and indemnity compensation.

Accordingly,

IT IS ORDERED THAT:

(1)    The motion to summarily reverse is granted. The case is remanded for further proceedings.

(2)     Each side shall bear its own costs.

FOR THE COURT

MAY - 5 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY - 5 2009

JAN HORBALY
CLERK

cc:     Michael A. Leonard, Esq.
        Aliison Kidd-Miller, Esq.

s20