NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7055

LUCIA S. DEVILLENA,

Claimant-Appellee,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellant.

Appeal from the United States Court of Appeals for Veterans Claims in 04-0896, Judge William P. Greene, Jr.

ON MOTION

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

LINN, Circuit Judge.

ORDER

The Secretary of Veterans Affairs responds to the court's June 18, 2008 order and requests that the court summarily reverse the judgment of the United States Court of Appeals for Veterans Claims in DeVillena v. Nicholson, No. 04-0896. The Secretary states that Lucia S. DeVillena does not oppose.

On February 11, 2004, the Board of Veterans' Appeals denied DeVillena's 1998 claim for dependency and indemnity compensation (DIC), finding that the cause of DeVillena's husband's death was not related to his military service, and that he was not

in receipt of or entitled to receive compensation for a totally disabling service-connected disability for ten years prior to his death.

On appeal, the Court of Appeals for Veterans Claims reversed the Board's decision with respect to its conclusion that DeVillena was not entitled to DIC benefits because her husband was not in receipt of or entitled to receive compensation for a totally disabling service-connected disability for the ten years prior to his death. Specifically, the Court of Appeals for Veterans Claims concluded that DeVillena was entitled to benefits based on a "hypothetical entitlement theory" that was in force at the time DeVillena filed her claim for benefits in 1998. In January of 2000, an amendment to 38 C.F.R. § 3.22 eliminated the application of a hypothetical entitlement theory. The Secretary appealed.

This court stayed proceedings in this case pending disposition of Tarver v. Shinseki, 557 F.3d 1371 (Fed. Cir. 2009). In our opinion in Tarver, involving virtually identical facts as the present appeal, we held that the § 3.22 amendment should be applied retroactively to bar the application of a hypothetical entitlement theory for claims filed prior to the amendment's effective date.

In the present case, with respect to the use of the hypothetical entitlement theory, it is clear that summary reversal is warranted and that DeVillena is not entitled to dependency and indemnity compensation.

Accordingly,

IT IS ORDERED THAT:

(1)    The motion to summarily reverse is granted. The case is remanded for further proceedings.

2007-7055                                    - 2 -

(2)    Each side shall bear its own costs.

FOR THE COURT

MAY – 5 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY – 5 2009

JAN HORBALY
CLERK

cc:    Michael R. Viterna, Esq.
       Allison Kidd-Miller, Esq.

s20

2007-7055