NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7114

LAVON F. YANDLE

Claimant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellant.

Appeal from the United States Court of Appeals for Veterans Claims in 05-559, Chief Judge William P. Greene, Jr.

ON MOTION

Before MICHEL, Chief Judge, LOURIE and BRYSON, Circuit Judges.

PER CURIAM

## O R D E R

The Secretary of Veterans Affairs responds to the court's June 18, 2008 order and requests that the court consider the appeal on the merits and reverse the judgment of the United States Court of Appeals for Veterans Claims in Yandle v. Nicholson, No. 05-559. Lavon F. Yandle has not responded.

On January 27, 2005, the Board of Veterans' Appeals denied Yandle's 1999 claim for dependency and indemnity compensation (DIC), finding that the cause of Yandle's husband's death was not related to his military service, and that he was not in

receipt of or entitled to receive compensation for a totally disabling service-connected disability for ten years prior to his death.

On appeal, the Court of Appeals for Veterans Claims reversed the Board's decision with respect to its conclusion that Yandle was not entitled to DIC benefits because her husband was not in receipt of or entitled to receive compensation for a totally disabling service-connected disability for the ten years prior to his death. Specifically, the Court of Appeals for Veterans Claims concluded that Yandle was entitled to benefits based on a "hypothetical entitlement theory" that was in force at the time Yandle filed her claim for benefits in 1999. In January of 2000, an amendment to 38 C.F.R. § 3.22 eliminated the application of a hypothetical entitlement theory. The Secretary appealed.

This court stayed proceedings in this case pending disposition of Tarver v. Shinseki, 557 F.3d 1371 (Fed. Cir. 2009). In our opinion in Tarver, involving virtually identical facts as the present appeal, we held that the § 3.22 amendment should be applied retroactively to bar the application of a hypothetical entitlement theory for claims filed prior to the amendment's effective date.

In the present case, with respect to the use of the hypothetical entitlement theory, it is clear that summary reversal is warranted and that Yandle is not entitled to dependency and indemnity compensation.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to reverse is granted. The case is remanded for further proceedings.

2007-7114                                                    - 2 -

(2)    Each side shall bear its own costs.

FOR THE COURT

JUL 0 2 2009
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:    Lavon F. Yandle
       Kyle E. Chadwick, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 0 2 2009

JAN HORBALY
CLERK

2007-7114                        - 3 -