NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**PEPITA PIMENTEL,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7074

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-2890, Judge John J. Farley, III.

---

Decided: June 10, 2011

---

Pepita Pimentel, Zambales, Philippines, pro se

CORINNE A. NIOSI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the

brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and KRISTIANA M. BRUGGER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before RADER, *Chief Judge*, LINN and PROST, *Circuit Judges*.

PER CURIAM.

Pepita Pimentel ("Pimentel") appeals from a final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the decision of the Board of Veterans' Appeals ("Board"), which denied her claim for entitlement to dependency and indemnity compensation ("DIC") benefits pursuant to 38 U.S.C. § 1318. *Pimentel v. Shinseki*, No. 09-2890 (Vet. App. Dec. 1, 2010). For the reasons discussed below, this court affirms.

## BACKGROUND

Pimentel's now-deceased husband served on active duty in the U.S. Navy from March 1946 to April 1954. He applied for service-connected disability benefits for schizophrenia and avitaminosis in 1976. These claims were still pending at the time of his death in 1979.

In March 1999, Pimentel filed an application for DIC benefits with the Department of Veterans Affairs (the "Department"). DIC is a monthly benefit paid to surviving spouses of veterans when a veteran's service-connected disability was a principal or a contributory cause of the veteran's death. 38 U.S.C. §§ 1310, 1311; 38 C.F.R. § 3.312(a). Alternatively, if a veteran's death is not service-connected, a surviving spouse may still receive DIC benefits if the veteran had received, or was entitled to receive, compensation at the time of his death for a service-connected disability in certain situations. 38

U.S.C. § 1318. Pimentel claimed that her husband was hypothetically entitled to service-connected disability benefits at the time of his death and therefore she was entitled to DIC benefits under 38 U.S.C. § 1318.

In order to establish that her husband was hypothetically entitled to service-connected disability benefits, Pimentel sought to obtain certain of her husband's medical records from the U.S. Naval Hospital at Yokosuka, Japan. After multiple attempts to locate these medical records, the Department responded that, after an exhaustive search, it could not locate these records and that the Naval Hospital only kept records dating back to 1980, whereas her husband's records would have been from 1953.

On July 8, 2009, the Board denied Pimentel's claim for DIC benefits, finding that a "hypothetical entitlement" claim under 38 U.S.C. § 1318 was precluded as a matter of law. The Board similarly found that the Department had satisfied its duty to assist by performing an exhaustive search until it was informed that the requested records did not exist. Pimentel appealed to the Veterans Court, which affirmed the Board in an opinion dated December 1, 2010. Pimentel timely appealed to this court.

## DISCUSSION

This court's authority to review decisions of the Veterans Court is extremely limited. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the Veterans Court in its decision. In appeals from the Veterans Court not presenting a constitutional question, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular

case." 38 U.S.C. § 7292(d)(2). In other words, this court lacks authority to review challenges to the Board's factual determinations. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

Pimentel argues that her husband should have been found to be entitled to service-connected benefits at the time of his death. Pimentel also contends that the Department failed to comply with its duty to assist by not obtaining certain medical records of her husband. Pimentel further argues that the Veterans Court "failed to consider the value of material evidence[] submitted." *Appellant's Br.* at 1. The government responds that the Veterans Court properly determined that the Department had satisfied its duty to assist and had no further duty once it learned that the requested medical records of her husband no longer existed. According to the government, whether the Department had a responsibility to procure certain records and whether the Department discharged its duty to assist, involve the application of law to fact and are thus beyond this court's jurisdiction. Finally, the government responds that Pimentel's challenge to the fact-finder's weighing of the evidence is similarly outside of this court's jurisdiction.

This court agrees with the government. Whether the Department satisfied its duty to assist is a factual matter outside this court's jurisdiction. *Hayre v. West*, 188 F.3d 1327, 1332 (Fed. Cir. 1999), *overruled on other grounds*, *Cook v. Principi*, 318 F.3d 1334 (Fed. Cir. 2002); *Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999). Similarly, Pimentel's argument that the Veterans Court improperly considered the value of the submitted evidence is really a challenge to the weighing of evidence in her case, a factual matter entirely outside this court's jurisdiction. *Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

Pimentel also argues that she is entitled to DIC benefits under a "hypothetical entitlement claim." In other words, Pimentel argues that she is entitled to DIC benefits because her husband should have been entitled to service-connected disability benefits before his death, even though he was not actually receiving them. The government responds that this court has held that "hypothetical entitlement" cannot be the basis for a DIC claim as a matter of law. *See Rodriguez v. Peake*, 511 F.3d 1147, 1154 (Fed. Cir. 2008).

This court again agrees with the government. Pimentel filed her DIC claim in March of 1999. In January 2000, the Secretary of Veterans Affairs ("Secretary") amended 38 C.F.R. § 3.22 to preclude reading a "hypothetical entitlement" approach, such as the one advanced by Pimentel, into 38 U.S.C. § 1318. *See Rodriguez*, 511 F.3d at 1150. Even though Pimentel filed her claim prior to the Secretary's amendment of § 3.22, this court has previously held that "38 C.F.R. § 3.22, as amended by the Secretary in 2000, . . . may be applied to claims for DIC benefits filed by survivors before the amendment took effect." *Rodriguez*, 511 F.3d at 1154, 1156 (finding that "the amendment to § 3.22 did no more than interpret the requirements of [38 U.S.C.] § 1318 and clarify the agency's earlier interpretation of that statute." (internal quotation and citation omitted)); *see also Tarver v. Shinseki*, 557 F.3d 1371, 1377 (Fed. Cir. 2009) (rejecting "hypothetical entitlement" approach where DIC claim was filed in June of 1999, before the 2000 amendment). Thus, Pimentel's "hypothetical entitlement" DIC claim fails as a matter of law. *See Tarver*, 557 F.3d at 1377; *Rodriguez*, 511 F.3d 1156.

For the foregoing reasons, the decision of the Veterans Court is affirmed.

**AFFIRMED**

## Costs

Each party shall bear its own costs.