Citation Nr: 1454756 
Decision Date: 12/12/14 Archive Date: 12/17/14

DOCKET NO. 04-28 327A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Entitlement to Dependency and Indemnity Compensation (DIC) benefits pursuant to the provisions of 38 U.S.C.A. § 1318.
 

ATTORNEY FOR THE BOARD

N. Sonia, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 15, 1945 to March 23, 1945.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a March 2004 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines.

The Appellant had claimed service connection for the cause of the Veteran's death, which was denied by the RO in December 2002. The Appellant submitted a VA Form 9 (Substantive Appeal) in October 2003 with regard to that issue, which was then denied in a February 2005 Board decision. She appealed that decision to the United States Court of Appeals for Veterans Claims, which affirmed the Board's decision in August 2006. The Appellant filed a claim to reopen in 2007, which was denied by a January 2008 rating decision, which was not appealed. Therefore, the issue of entitlement to service connection for the cause of the Veteran's death is not before the Board.

However, it appears that during an administrative review of the file, the RO found that the Appellant had also submitted a VA Form 9 in August 2004, after the denial of the 1318 claim in the March 2004 rating decision. However, the Board mistakenly did not adjudicate the issue of entitlement to DIC benefits under section 1318 in its February 2005 decision. Based on this procedural history, the RO returned the case to the Board for a decision on the pending appeal of entitlement to DIC benefits under section 1318. 

Consideration of the Appellant's appeal has included review of all documents within the Virtual VA paperless claims processing system and the Veterans Benefits Management System. The documents within these systems do not include any non-duplicative materials pertinent to the present appeal.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The Veteran died in April 1960.

2. The Veteran was not service-connected for any disabilities during his lifetime and therefore was not continuously rated totally disabled due to service-connected disabilities, or due to unemployability, for at least 10 years preceding his death; nor was a total evaluation continuously in effect since the date of his discharge from service and for at least five years immediately preceding his death; nor would he have been in receipt of such compensation in either case, but for clear and unmistakable error (CUE) in a prior decision which has not been established.

3. The Veteran was not a Prisoner of War.


CONCLUSION OF LAW

The requirements for DIC benefits under the provisions of 38 U.S.C.A. § 1318 have not been met. 38 U.S.C.A. § 1318 (West 2002); 38 C.F.R. § 3.22 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA death benefits may be paid to a deceased veteran's surviving spouse or children in the same manner as if the veteran's death is service-connected, even though the veteran died of non-service-connected causes, if the veteran's death was not the result of his or her own willful misconduct and at the time of death, the veteran was receiving, or was "entitled to receive," compensation for service-connected disability that (1) was continuously rated as totally disabling for the 10 years immediately preceding death, (2) was continuously rated as totally disabling for a period of not less than 5 years from the date of his discharge or release from active duty or (3) was continuously rated as totally disabling for a period of not less than one year immediately preceding death, and the veteran was a former prisoner of war (POW) who died after September 30, 1999. 38 U.S.C.A. § 1318 (West 2002 & Supp. 2013); 38 C.F.R. § 3.22(a). The total rating may be schedular or may be a total disability rating based on unemployability (TDIU). 38 C.F.R. § 3.22(c). 

The Veteran died in April 1960. Prior to death, the Veteran was not service-connected for any disabilities. Consequently, the Veteran was not continuously rated as totally disabling (100 percent) for the 10 years immediately preceding his death nor did he have total disability (100 percent) for at least five years from the date of his separation from service in May 1945. In short, the Board finds that the Veteran was not in actual receipt of total 100 percent disability compensation due to service-connected disabilities prior to his death in April 1960 for any of the required periods of time. 38 U.S.C.A. § 1318(b); 38 C.F.R. § 3.22(a). Furthermore, there is no indication or allegation that the Veteran was a former POW. Therefore, entitlement to 38 U.S.C.A. § 1318 benefits are not met on these bases. 

In as much as the Appellant has asserted a claim based on "hypothetical entitlement," the Board concludes any theory of hypothetical entitlement is barred in the present case pursuant to the applicable regulation, 38 C.F.R. § 3.22, as well the Federal Circuit's holdings. See Rodriguez v. Peake, 511 F.3d 1147, 1156 (2008); see also Tarver v. Shinseki, 557 F.3d 1371, 1377 (Fed. Cir. 2009). 

Under Rodriguez and Tarver, the amended regulation 38 C.F.R. § 3.22 does not have an impermissible retroactive effect, and it may be applied to bar DIC claims filed by survivors under the "hypothetical entitlement" theory, no matter when the § 1318 claim was filed. Therefore, claims for DIC benefits under 38 U.S.C.A. § 1318 must be adjudicated with specific regard given to decisions made during the Veteran's lifetime and without consideration of hypothetical entitlement for benefits raised for the first time after a Veteran's death. See Rodriguez, 511 F.3d at 1147. Thus, even if service connection for the cause of the Veteran's death were subsequently established, hypothetical entitlement on this basis is barred.

Because any proffered theory of hypothetical entitlement for § 1318 benefits is barred as a matter of law, the Veteran was not service-connected for any disabilities at the time of his death, and the Veteran is not a POW, the Appellant can only establish entitlement to § 1318 benefits if she shows that the Veteran was "entitled to receive" total disability compensation .

The term "entitled to receive" means that the Veteran filed a claim for disability compensation during his lifetime and one of the following circumstances is met: (1) the Veteran would have received total disability compensation at the time of death for a service-connected disability rated totally disabling for the period specified in paragraph (a)(2) of this section but for clear and unmistakable error (CUE) committed by VA in a decision on a claim filed during the Veteran's lifetime concerning the issues of service connection, disability evaluation, or effective date; or (2) additional evidence submitted to VA before or after the Veteran's death, consisting solely of service department records that existed at the time of a prior VA decision but were not previously considered by VA, provides a basis for reopening a claim finally decided during the Veteran's lifetime and for awarding a total service-connected disability rating retroactively in accordance with §§ 3.156(c) and 3.400(q)(2) of this part for the relevant period specified in paragraph (a)(2) of this section. 38 C.F.R. § 3.22(b)(1) and (2). 

The term "entitled to receive" also applies when, at the time of death, the Veteran had filed a claim for disability compensation during his lifetime, and the Veteran had service-connected disability rated totally disabling by VA for the requisite time period, but was not receiving compensation due to six possible circumstances: (1) VA was paying the compensation to the Veteran's dependents; (2) VA was withholding the compensation under authority of 38 U.S.C. § 5314 to offset an indebtedness of the Veteran; (3) the Veteran had not waived retired or retirement pay in order to receive compensation; (4) VA was withholding payments under the provisions of 10 U.S.C. § 1174(h)(2); (5) VA was withholding payments because the Veteran's whereabouts was unknown, but the Veteran was otherwise entitled to continued payments based on a total service-connected disability rating; or (6) VA was withholding payments under 38 U.S.C. § 5308 but determines that benefits were payable under 38 U.S.C. § 5309. 38 C.F.R. § 3.22(b)(3). 

There is no allegation by the Appellant or any evidence of record showing that she has met the criteria for any one of the exceptions listed under 38 C.F.R. § 3.22(b). At most, in an October 2007 statement, the Appellant stated that the Board "committed clear and unmistakable error because of insufficient plausible evidence" and that she would submit additional evidence to substantiate her claim that her husband died as a result of injuries incurred during service.

However, nonspecific allegations of failure to follow regulations or any other general, non-specific allegations of error, are insufficient to satisfy the requirements under 38 C.F.R. § 20.1404(b) (4). The Appellant's does not represent more than a general, non-specific allegation, even when viewed liberally. Moreover, the Appellant argues for service connection for the cause of the Veteran's death, not for CUE as it relates to a decision on a claim filed during the Veteran's lifetime concerning the issues of service connection, disability evaluation, or effective date (as required by 38 C.F.R. § 3.22(b)(1)). Furthermore, the Appellant has not submitted additional service department records that would provide a basis for reopening a previous claim and awarding a total service-connected disability retroactively. 38 C.F.R. § 3.22(b)(2). The Appellant also does not meet any of the remaining six exceptions listed under 38 C.F.R. § 3.22(b)(3)(i)-(vi). As noted, the Veteran did not have any service-connected disabilities rated totally disabling by VA. 

In short, there is no legal basis for granting the Appellant's claim pursuant to 38 U.S.C.A. § 1318. Her claim for DIC benefits pursuant to 38 U.S.C.A. § 1318 would essentially be a claim for hypothetical entitlement, which is barred as a matter of law. Accordingly, the Appellant's claim under the provisions of 38 U.S.C.A. § 1318 must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

Duty to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014); Dingess/Harman v. Nicholson, 19 Vet. App. 473 (2006). The provisions of the VCAA have no effect on an appeal where the law, and not the underlying facts or development of the facts are dispositive in a matter. Manning v. Principi, 16 Vet. App. 534, 542-543 (2002). As discussed, there is no legal basis upon which the sought benefits may be awarded. See Sabonis, 6 Vet. App. at 426.


ORDER

Entitlement to DIC benefits pursuant to the provisions of 38 U.S.C.A. § 1318 is denied.
 


____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs