Citation Nr: 1513863 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 08-37 730 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Entitlement to service connection for the cause of the Veteran's death.

2. Entitlement to dependency and indemnity compensation (DIC) benefits under the provisions of 38 U.S.C.A. § 1318.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

James A. DeFrank, Counsel


INTRODUCTION

The appellant is seeking benefits as the surviving spouse of the late Veteran, who had active service from September 1942 to October 1945 and from February 1948 to January 1965. 

This matter is before the Board of Veterans' Appeals (the Board) on appeal of a June 2008 letter decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Reno, Nevada in which the RO denied the appellant entitlement to DIC and entitlement to service connection for the cause of death. The appellant timely disagreed with each of these determinations. Jurisdiction of these matters was transferred to the RO in Chicago, Illinois.

The appellant was scheduled to appear for a hearing with a Veterans Law Judge (VLJ) in September 2011, but she cancelled the hearing request in correspondence received by the RO on August 12, 2011. The appellant has not since requested that the hearing be rescheduled. Her hearing request, therefore, is deemed withdrawn. See 38 C.F.R. §§ 20.702(e) ; 20.704(e) (2014).

In April 2012, the Board remanded these issues for additional development.

Per the April 2012 remand instructions, the RO in November 2012 issued a statement of the case (SOC) for the issues of service connection for posttraumatic stress disorder (PTSD); a left foot and ankle disability; a low back disability, and all for the purposes of accrued benefits. The appellant did not perfect an appeal as to these issues and they are not before the Board.
 
In light of the above, the Board finds that the RO substantially complied with the April 2012 remand directives, to the extent possible, and no further action in this regard is warranted. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998) where Board's remand instructions were substantially complied with).

The Board notes that, in addition to the paper claims file, there is a Virtual VA electronic claims file associated with the Veteran's claim. A review of the documents in the electronic file reveals additional evidence that will be considered by the Board in this appeal.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a) (2) (West 2014).


FINDINGS OF FACT

1. The official death certificate shows that the Veteran died in May 2007 and that the immediate cause of death was lung cancer. 

2. Service connection was not in effect for any disability at the time of the Veteran's death. 

3. The Veteran's death was not caused by a disability incurred in or aggravated by service and is not etiologically related to any incident or disease during the Veteran's active service, to include as due to herbicide exposure.

4. The Veteran was not in receipt of or entitled to receive a 100 percent evaluation prior to death, and his death was not due to a service-connected disability.





CONCLUSIONS OF LAW

1. Service connection for the cause of the Veteran's death is not warranted. 38 U.S.C.A. §§ 1101, 1110, 1116, 1310, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310, 3.312 (2014).

2. The criteria for benefits under 31 U.S.C.A. §1318 have not been met. 38 U.S.C.A. §§ 101, 1318 (West 2002); 38 C.F.R. § 3.22 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA's duties to notify and assist claimants in substantiating a claim for VA benefits are found at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 and 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). See also 73 Fed. Reg. 23,353-23,356 (April 30, 2008) (concerning revisions to 38 C.F.R. § 3.159). Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical evidence or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002). In accordance with 38 C.F.R. § 3.159(b)(1), proper notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. Notice should be sent prior to the appealed rating decision or, if sent after the rating decision, before a readjudication of the appeal. A Supplemental Statement of the Case, when issued following a notice letter, satisfies the due process and notification requirements for an adjudicative decision for these purposes. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). 

In addition, specifically in the context of a § 1310 Dependency and Indemnity Compensation (DIC) claim, the United States Court of Appeals for Veterans Claims (Court) held that section 5103(a) notice must include (1) a statement of the conditions, if any, for which a veteran was service connected at the time of his death; (2) an explanation of the evidence and information required to substantiate a DIC claim based on a previously service-connected condition; and (3) an explanation of the evidence and information required to substantiate a DIC claim based on a condition not yet service connected. Hupp v. Nicholson, 21 Vet. App. 342, 352-53 (2007). The Court also held that a DIC claim imposes upon VA no obligation to inform a DIC claimant who submits a nondetailed application of the specific reasons why any claim made during the deceased veteran's lifetime was not granted. Id. 

The Board finds that the notification requirements of VCAA have been satisfied in this case. In this regard, the Board notes a July 2009 development letter in which the RO advised the appellant of the evidence needed to substantiate her claim of entitlement to service connection for the cause of the Veteran's death in accordance with Hupp. Specifically, the July 2009 letter informed the appellant that to support her claim, the evidence needed to show that the Veteran died while on active duty or that he died from a service-connected injury or disease. She was asked to provide medical evidence that would show a reasonable probability that the condition that contributed to the Veteran's death was caused by injury or disease that had its onset during or was permanently aggravated by service. She was informed that such evidence should include treatment records showing when the Veteran was first treated for this condition either during or after service. 

The appellant was also advised of her and VA's responsibilities under VCAA, to include what evidence should be provided by her and what evidence should be provided by VA. The letter also advised the appellant as to how VA determines the effective date to be assigned. See Dingess v. Nicholson, 19 Vet. App. 473 (2006).

After issuance of the July 2009 letter, and opportunity for the Veteran to respond, the June 2014 supplemental statement of the case (SSOC) reflects readjudication of the claims. Hence, the appellant is not shown to be prejudiced by the timing of the latter notice. See Mayfield, 20 Vet. App. at 543 (2006); see also Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

The record also reflects that VA has made reasonable efforts to obtain or to assist in obtaining all relevant records pertinent to the matter on appeal. Pertinent medical evidence associated with the claims file consists of service and VA treatment records.

The Board notes that a VA medical opinion was not obtained in this case. However, the appellant and her representative simply argue that the Veteran's lung cancer, which is listed on his death certificate as the cause of death, should be presumptively service-connected based on Agent Orange exposure during service. As discussed below, the evidence does not establish actual or presumptive Agent Orange exposure. Further, there is no other evidence suggesting a relationship between the Veteran's cause of death and service. Therefore, no reasonable possibility exists that obtaining a medical opinion would aid in substantiating the claim for service connection for the cause of the Veteran's death. See 38 U.S.C.A. §5103A (a); DeLaRosa v. Peake, 515 F.3d 1319, 1322 (Fed. Cir. 2008); Wood v. Peake, 520 F.3d 1345, 1348-49 (Fed. Cir. 2008). As such, VA's duty to obtain a medical opinion or examination is not triggered in this case.

Also of record and considered in connection with the appeal are the various written statements provided by the appellant and by the appellant's representative on her behalf.

The appellant has not identified any outstanding, available evidence, to include medical records, which could be obtained to substantiate the claims. The Board is also unaware of any such evidence. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b).

The Board has reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000). 

Cause of Death

Service connection may be granted for a disorder resulting from a disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303(a). Service connection requires competent evidence showing: (1) the existence of a present disorder; (2) in-service incurrence or aggravation of a disease or injury; and, (3) a causal relationship between the present disorder and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). 

Service connection for the cause of a Veteran's death may be granted if a disability incurred in or aggravated by service was either the principal or contributory cause of death. See 38 C.F.R. § 3.312(a) (2014).

For a service-connected disability to be the principal cause of death, it must singly or with some other condition be the immediate or underlying cause of death, or be etiologically related. See 38 C.F.R. § 3.312(b) (2014). For a service-connected disability to constitute a contributory cause, it must contribute substantially or materially to death. It is not sufficient to show that it casually shared in producing death; rather it must be shown that there was a causal connection. See 38 C.F.R. §3.312(c) (2014). In order to be a contributory cause of death, it must be shown that there were "debilitating effects" due to a service-connected disability that made the Veteran "materially less capable" of resisting the effects of the fatal disease or that a service-connected disability had "material influence in accelerating death," thereby contributing substantially or materially to the cause of death. See 38 C.F.R. § 3.312(c) (1) (2014); Lathan v. Brown, 7 Vet. App. 359 (1995).

 Factual Background and Analysis

As noted above, the Veteran died in May 2007. The cause of death was determined to be lung cancer. No significant conditions contributing to death but not resulting in the underlying cause of death were listed.

The Board notes that the Veteran was not service connected for any disabilities at the time of his death.

Instead, the appellant contends that the Veteran's lung cancer should be presumptively service-connected due to Agent Orange exposure as she contends that her husband's lung cancer was a result of his Agent Orange exposure during his military service which included duty and visitation in Korea at the Korean demilitarized zone (DMZ) and in Vietnam. See September 2008 notice of disagreement.

If a veteran was exposed to an herbicide agent (including Agent Orange) during active service, certain listed diseases, including lung cancer, will be presumptively service-connected if the requirements of § 3.307(a)(6) are met and the disease becomes manifest to a compensable degree at any time after service. 38 C.F.R. § 3.309(e). 

Under 38 C.F.R. § 3.307(a) (6), presumptive herbicide exposure is generally established by active service in the Republic of Vietnam between January 9, 1962, and May 7, 1975. "Service in the Republic of Vietnam" includes service in the waters offshore and service in other locations if the conditions of service involved duty or visitation in the Republic of Vietnam. 38 C.F.R. § 3.307(a) (6) (iii). 

However in this instance, while the Veteran served during the Vietnam era, there is no evidence that the Veteran served in the Republic of Vietnam, or that the conditions of his service involved duty or visitation in the Republic of Vietnam. The Veteran's service personnel records do not indicate that the Veteran ever set foot in Vietnam. Rather, his service records show that he was stationed in Korea from July 1952 to August 1953 and Japan from January 1962 to February 1965.

The Board points out that the Department of Defense (DOD) provided to VA an inventory regarding Agent Orange use outside of the Republic of Vietnam. If a veteran had active service between April 1, 1968, and August 31, 1971, in a unit that, as determined by the DOD, operated in or near the Korean DMZ in an area in which herbicides are known to have been applied during that period, the veteran shall be presumed to have been exposed during such service to an herbicide agent, such as Agent Orange. 38 C.F.R. § 3.307(a) (6) (iv).

While the Veteran's service personnel records demonstrate that the Veteran had service in Korea, his service from July 1952 to August 1953 is outside the specific time period for presumed herbicide exposure near the Korean DMZ. 

There is also no evidence to establish actual herbicide exposure during service. Accordingly, based on the record, there is no evidence of actual or presumed Agent Orange (or any other herbicidal agent) exposure and the Veteran is not entitled to presumptive service connection based on inservice herbicide exposure, pursuant to 38 C.F.R. § 3.309(e). 

Although the Veteran served in Korea and later developed lung cancer, which is a presumptive disease for Agent Orange exposure, service connection cannot be established for the cause of his death on a presumptive basis as due to Agent Orange exposure as he did not serve during the relevant time period in Korea and did not serve in Vietnam. 38 C.F.R. §§ 3.307(a)(6) , 3.309(e).

The Board has also considered whether service connection is warranted for the cause of the Veteran's death on another basis. See Combee v. Brown, 34 F.3d 1039, 1043-44 (Fed. Cir. 1994). In this regard, there is no argument or indication that the listed immediate cause of the Veteran's death of lung cancer was related to any injury or disease during service. In particular, no lung disability was noted in his service treatment records, and there is no medical evidence or opinion linking lung cancer directly to service. As such, service connection for the cause of death is not warranted on a direct basis. See 38 C.F.R. § 3.303. 

Taking into account all relevant evidence, the Board finds that service connection is not warranted for the cause of the Veteran's death. In this regard, the Board notes that the Veteran was not service connected for any disabilities at the time of his death. As to the Veteran's primary cause of death, lung cancer, there is no evidence of record linking this disability to service to include exposure to herbicides, and no evidence that it manifested until many years after the Veteran's separation from service. 

Under these circumstances, the Board concludes that the record does not support a finding that a service-connected disability caused or contributed substantially or materially to cause the Veteran's death. The claim for service connection for the cause of the Veteran's death must therefore be denied. In reaching the decision, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as no competent, probative evidence supports the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. § 3.102 (2014); Gilbert.


Dependency and Indemnity Compensation under 38 U.S.C.A. § 1318

A surviving spouse may establish entitlement to DIC pursuant to 38 U.S.C.A. §1318 when it is shown that the Veteran's death was not the result of his own willful misconduct and, at the time of death, the Veteran was receiving, or entitled to receive, compensation for a service-connected disability that was: (1) rated by VA as totally disabling for a continuous period of at least ten years immediately preceding death; or, (2) rated by VA as totally disabling continuously since the Veteran's release from active duty and for a period of at least five years immediately preceding death; or, (3) rated by VA as totally disabling for a continuous period of not less than one year immediately preceding death, if the Veteran was a former prisoner of war who died after September 30, 1999. See 38 U.S.C.A. §1318(b); 38 C.F.R. § 3.22 (a). For the purposes of this provision, the total disability rating may be based on schedular considerations or on unemployability (TDIU). See 38 C.F.R. § 3.22(c). 

In essence, the only possible ways of prevailing on a claim for benefits under 38 U.S.C.A. §1318 are: (1) to meet the above-described statutory duration requirements for a total disability rating at the time of death; (2) to show that such requirements would have been met, but for clear and unmistakable error (CUE) in a previous decision; or, (3) to show that service department records were in existence at the time of a prior VA decision but were not considered by VA, and that such records provide a basis for reopening a claim finally decided during the Veteran's lifetime and for awarding a total service-connected disability rating retroactively. Under the current version of 38 C.F.R. § 3.22, DIC benefits may not be awarded based on "hypothetical entitlement" for ten years preceding the Veteran's death, no matter when the claim was filed. See Tarver v. Shinseki, 557 F.3d 1371, 1374-77 (Fed. Cir. 2009); Rodriguez v. Peake, 511 F.3d 1147, 1156 (Fed. Cir. 2008).

In the instant case, the Veteran separated from the active duty service in January 1965. As noted above, service connection was not in effect for any disability at the time of the Veteran's death. Thus, the Veteran had not been in receipt of a total disability rating before his death. Accordingly, the Veteran was not rated by VA as totally disabled for a continuous period of at least 10 years immediately preceding death; was not rated totally disabled continuously since his release from active duty and for a period of not less than five years immediately preceding death; and has not shown to be a former prisoner of war. See 38 C.F.R. § 3.22(a). The statutory criteria under 38 U.S.C.A. § 1318 have not been met.

Neither the Veteran during his lifetime, nor the appellant, has specifically pled CUE in any previous rating actions. See Andre v. Principi, 301 F.3d 1354 (Fed. Cir. 2002) (noting that any claim of CUE must be pled with specificity); Fugo v. Brown, 6 Vet. App. 40 (1993) (holding that a valid claim of CUE requires specific allegations of CUE). 

Although the Board is sympathetic to the appellant's situation, entitlement to DIC benefits under 38 U.S.C.A. § 1318 is based upon specific and unambiguous requirements that have not been met in the instant case. The Board has no authority to grant claims on an equitable basis; instead, the Board is constrained to follow specific provisions of law. See 38 U.S.C.A. § 7104 (West 2002); Taylor v. West, 11 Vet. App. 436, 440-41 (1998); Harvey v. Brown, 6 Vet. App. 416, 425 (1994). The Board emphasizes, however, that the denial of this claim does not in any way diminish the Veteran's distinguished service. As the preponderance of the evidence is against the appellant's claim of entitlement to DIC under 38 U.S.C.A. § 1318, the benefit of the doubt doctrine does not apply, and her claim must be denied. See 38 U.S.C.A. § 5107.



ORDER

Entitlement to service connection for the cause of the Veteran's death is denied.

Entitlement to DIC benefits under the provisions of 38 U.S.C.A. § 1318 is denied.



____________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs