**Christine HIX, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–327.**

United States Court of Veterans Appeals.

Jan. 26, 1999.

Christine Hix, pro se.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; and Ralph G. Davis were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and STEINBERG and GREENE, Judges.

NEBEKER, Chief Judge:

The appellant, Christine Hix, the widow of veteran J.D. Hix, appeals a November 22, 1996, Board of Veterans' Appeals (Board or BVA) decision denying enhanced dependency and indemnity compensation (DIC). The is- sue on appeal is whether 38 U.S.C. § 1311(a)(2) requires the Board to determine whether the deceased veteran was entitled to receive a total disability rating for his ser- vice-connected cause of death. For the fol- lowing reasons, the Court will .vacate the Board's decision and remand the matter for further proceedings consistent with this opin- ion.

## I. FACTS

The veteran served in the U.S. Army and was wounded in the face during World War II. Record (R.) at 19, 70. Although VA assigned a noncompensable rating for the veteran's service-connected residuals of a gunshot wound to the face, he eventually received VA non-service-connected pension because of his other disabilities. R. at 70, 90–91. The veteran died from respiratory arrest due to acute renal failure as a result of cirrhosis. R. at 130. The appellant filed a DIC claim in which she asserted that the veteran's death was caused by his having contracted hepatitis during a blood transfu- sion performed in a VA hospital in 1972. R. at 133–36.

A VA medical report documented that the deceased veteran's cirrhosis could have been caused by hepatitis. R. at 155. Based on this evidence, a VA regional office (RO) re- solved reasonable doubt in favor of the appel- lant and awarded DIC benefits. R. at 180– 82. In 1993, six years after the RO notified her of the DIC award, the appellant inquired as to whether she was eligible for "the $915 a month" benefit. R. at 203. The RO an- swered that because the deceased veteran was service connected for gunshot wound residuals at 0% and had been receiving non- service-connected pension upon his death, the appellant was not entitled to receive the enhanced DIC payment. R. at 206.

In the BVA decision here on appeal, the Board concluded that 38 U.S.C. § 1311(a)(2) did not authorize payment of an increased DIC benefit. The Board held:

> [T]o conclude that the veteran would have been totally disabled for a continuous peri- od of at least eight years if he had applied for benefits 8 years prior to his death, is mere speculation and, consequently, pro-

vides no basis to grant the benefit sought in view of the governing statutory criteria. R. at 4. Additionally, the Board determined that the only exception to the requirement of being in receipt of total disability benefits found in section 1311(a)(2) was in the case of the veteran's having elected to receive retired pay in lieu of VA benefits. This appeal followed.

## II. ANALYSIS

### A. General Background

Although not specifically stated by the RO in its 1987 decision awarding service connection for the deceased veteran's cirrhosis and ultimate cause of death, the award entitled the appellant to DIC benefits under 38 U.S.C. 1310(a) (statute authorizing DIC benefits when veteran dies from service-connected disability). See R. at 180–82. At the time of that decision, the RO did not determine the level of disability for the deceased veteran's cirrhosis or the effective date of that disability. Presumably, the RO did not assign a rating or effective date because, in 1987, the rate at which DIC benefits were paid was based upon the rank of the deceased veteran, not the level of the disability. See 38 U.S.C. § 1311(a) (1991) (prior to 1992 amendment). However, in 1992, Congress amended section 1311(a) by adding, in relevant part, section 1311(a)(2) which provided for a "kicker" if the veteran was, for eight continuous years up until the time of death, "in receipt of or was entitled to receive" a total disability rating. See Veterans' Benefits Act of 1992, Pub.L. No. 102–568, § 102(a)(2), 106 Stat. 4320, 4322 (1992); H.R.Rep. No. 102–753(I), reprinted in 1992 U.S.C.C.A.N. 3646, 3647. Thus in 1993, the time at which the appellant had asked for enhanced DIC benefits, the determinative question should have been whether the deceased veteran "was entitled to receive" a total disability rating for his cirrhosis for eight continuous years prior to the time of his death.

However, the Board held that the statutory criterion—having actually been receiving VA compensation for a totally disabling condition—had not been met and did not analyze whether the deceased veteran "was entitled

to receive" a total disability rating. The statutory criteria for enhanced DIC benefits are:

> The rate under paragraph (1) shall be increased by $185 in the case of the death of a veteran who at the time of death was in receipt of or was entitled to receive (or but for the receipt of retired pay or retirement pay was entitled to receive) compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding death.

38 U.S.C. § 1311(a)(2); see also 38 C.F.R. § 3.5(e)(1) (1998). Since the deceased veteran was not "in receipt of" total disability compensation for his cirrhosis condition, the issue here is whether he could have met the alternative criterion, "or was entitled to receive." This Court has not yet interpreted the meaning of section 1311(a)(2), hence the need for a precedential opinion. See Frankel v. Derwinski, 1 Vet.App. 23, 25–26 (1990).

### B. Section 1311(a)(2) and Section 1318(b)

#### 1. Similar language

Although a precedential opinion is necessary, previous decisions of this Court have addressed virtually identical language with respect to DIC claims under 38 U.S.C. § 1318(b). Section 1318(b) provides for an award of DIC benefits even though the service-connected condition had not caused the veteran's death when he had died under the following conditions:

> [N]ot as the result of [his or her] own willful misconduct, and [where he or she] was in receipt of or entitled to receive (or but for the receipt of retired or retirement pay was entitled to receive) compensation at the time of death for a service-connected disability that either—
>
> (1) was continuously rated totally disabling for a period of 10 or more years immediately preceding death; or
>
> (2) if so rated for a lesser period, was so rated continuously for a period of not less than five years from the date of such a veteran's discharge or other release from active duty.

38 U.S.C. § 1318(b). Although section 1318(b) differs somewhat from section 1313(a)(2) in that section 1318(b) has two alternative minimum time periods for the total disability rating, *see* clauses (1) and (2) of section 1318(b) above, both 1318(b) and 1313(a)(2) use essentially the same phrase "in receipt of or . . . entitled to receive."

### 2. The language "in receipt of or entitled to receive"

■ Prior to 1982, the receipt of DIC benefits under what is now section 1318(b) required the deceased veteran to have in fact been in receipt of a 100% service-connected rating. *Green v. Brown*, 10 Vet.App. 111, 119 (1997). In 1982, Congress added the words "or entitled to receive" after "in receipt of." *See id.; see also* Veterans' Compensation, Education, and Employment Amendments of 1982, Pub.L. No. 97–306, § 112, 96 Stat. 1429, 1432 (1982). It is now well settled that the phrase "in receipt of or entitled to receive," used to ascertain entitlement to DIC benefits under section 1318(b), entitles the claimant to obtain a determination of whether the deceased veteran, prior to death, hypothetically would have been entitled to receive an award of service connection and an assignment of a total disability rating so as to qualify under that statute. *See Wingo v. West*, 11 Vet.App. 307, 311 (1998); *Carpenter v. West*, 11 Vet.App. 140, 145–46 (1998); *Green*, 10 Vet.App. at 118–19.

Because both section 1311(a)(2) and section 1318(b) are located in chapter 13 and deal with DIC, the Court holds that the phrase "in receipt of or . . . entitled to receive" must have the same meaning in both sections. *See Allen v. Brown*, 7 Vet.App. 439, 448 (1995) (en banc); *see also Sutherland on Statutory Construction* § 46.05 (5th ed.1992). The 1982 amendments to section 1318(b) had been in effect for ten years when, in 1992, the enhanced DIC benefit of section 1311(a)(2) was created. Presumably, if Congress had wanted to restrict enhanced DIC payments to those situations where the deceased veteran had been in actual receipt of a 100% rating, Congress could have chosen to follow the language of the pre–1982 version of section 1318(b). Instead, Congress chose to use the more inclusive language, "in receipt

of or entitled to receive," of the post–1982 section 1318(b). Moreover, it appears that the primary reason for the 1992 amendments to section 1311(a), which created the enhanced DIC benefit, was to reform the DIC payment so that it would be a level payment and not be primarily dependent upon the rank of the deceased veteran. *See* H.R.Rep. No. 102–753(I), *supra.* Therefore, the Court holds that a claimant pursuing enhanced DIC benefits under 38 U.S.C. § 1311(a)(2) has the right to obtain a determination as to whether the deceased veteran hypothetically would have been entitled to receive compensation at a total disability rating for a continuous period of at least eight years immediately preceding death.

### C. Remedy

■ The 1987 RO decision contained a determination that the deceased veteran would have hypothetically been entitled to service connection for cirrhosis at the time of his death. However, as noted above, that RO decision did not set an effective date for service connection for cirrhosis or assign it a disability rating. The establishment of an effective date and assignment of a disability rating are questions of fact for the BVA or the RO to decide in the first instance. *See, e.g., Stewart v. Brown*, 10 Vet.App. 15, 17 (1997); *Johnson v. Brown*, 9 Vet.App. 7, 9 (1996); *Falzone v. Brown*, 8 Vet.App. 398, 402 (1995); *see also* 38 U.S.C. § 7261(a)(4), (c). Therefore, the Court will vacate the BVA decision and remand the matter for the assignment of an effective date and level of disability for the deceased veteran's cirrhosis condition. This determination should establish when, if at all, the deceased veteran's cirrhosis disability would have warranted a total disability rating.

### III. CONCLUSION

Based on the foregoing, the November 22, 1996, decision of the Board is VACATED as to its conclusion that the appellant did not meet the statutory criteria of 38 U.S.C. § 1311(a)(2), and that matter is REMANDED for further proceedings consistent with this opinion.