# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 10-4078

Dorothy M. Moffitt, Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued December 12, 2013     Decided February 14, 2014 )

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the brief for the appellant.

*Mark D. Gore*, Appellate Attorney, with whom *Will A. Gunn*, General Counsel, *R. Randall Campbell*, Assistant General Counsel, and *Leslie C. Rogall*, Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before HAGEL, MOORMAN, and GREENBERG, *Judges*.

HAGEL, *Judge*: Dorothy M. Moffitt appeals through counsel a November 23, 2010, Board of Veterans' Appeals (Board) decision that denied entitlement to enhanced dependency and indemnity compensation under 38 U.S.C. § 1311. On September 16, 2013, this appeal was assigned to a panel of the Court, and the Court heard oral argument on December 12, 2013.

During the pendency of Mrs. Moffitt's appeal, the United States Court of Appeals for the Federal Circuit (Federal Circuit) issued a decision in *Kernea v. Shinseki*, 724 F.3d 1374 (Fed. Cir. 2013), which prohibits appellants from substantiating a claim for enhanced dependency and indemnity compensation benefits under section 1311(a)(2) on the basis of hypothetical entitlement. The precise question for the panel is whether the Board erred in concluding that Mrs. Moffitt is prohibited from pursuing her claim for enhanced dependency and indemnity compensation under section 1311 on the basis of hypothetical entitlement although she filed her claim for enhanced dependency and indemnity compensation benefits prior to VA taking public steps to prohibit the use

of that theory to substantiate a claim pursuant to 38 U.S.C. § 1311(a)(2). We conclude that the Board did not err. Accordingly, the Court will affirm the November 2010 Board decision.

## I. FACTS

Mrs. Moffitt's husband, veteran Douglas A. Moffitt, served on active duty in the U.S. Army from July 1944 to May 1946. R. at 3625. While serving in World War II, Mr. Moffitt was "wounded in action by a high explosive shell fragment." R. at 3860. Mr. Moffitt was discharged from service as a result of the injuries he sustained.

In July 1946, Mr. Moffitt filed a claim for VA disability benefits for numerous residuals of his in-service injury. That same month, a VA regional office awarded him a combined disability rating of 100% for those residuals. R. at 3620.

In a November 1956 rating decision, the regional office reduced Mr. Moffitt's benefits to a combined 60% disability rating, with additional special monthly compensation, effective March 1, 1953. R. at 3325-27. The regional office increased Mr. Moffitt's disability rating to 100% for the period between September 5, 1958, and December 29, 1958, and continued the 60% combined disability rating with additional special monthly compensation thereafter. R. at 3293.

In September 1979, Mr. Moffitt sought a total disability rating based on individual unemployability. R. at 3235-36. The regional office had not adjudicated that request before Mr. Moffitt died in November 1982.

In April 1983, Mrs. Moffitt sought death benefits, including dependency and indemnity compensation. In June 1991, the Board granted Mrs. Moffitt's claim.

In July 1999, Mrs. Moffitt filed a motion to revise a January 1980 rating decision that denied her husband's benefits for post-operative left inguinal hernia and phlebitis on the basis of clear and unmistakable error. R. at 429.

In August 1999, Mrs. Moffitt applied for enhanced dependency and indemnity compensation, asserting that her husband "should have been rated at [] 100% [disabled] for 10 or more years [prior to his death]." R. at 455. That same month, the regional office sent Mrs. Moffitt a letter advising her that it had received her claim for enhanced dependency and indemnity compensation benefits and stating:

> Please be advised that a decision on the issue of entitlement to the enhanced [dependency and indemnity compensation benefits] has been deferred pending the completion of litigation in the case of *Hix v. West . . . .* As soon as we can, we will process your claim and let you know in writing of our decision. Unfortunately, we do not know how long it will take to complete the litigation; it may be several months. We cannot take any action on your claim until the litigation is completed.

R. at 453.

In August 2000, the regional office found that clear and unmistakable error was not present in the January 1980 rating decision that denied Mr. Moffitt benefits for post-operative left inguinal hernia and phlebitis. Mrs. Moffitt filed a Notice of Disagreement with that decision and ultimately appealed to the Board.

In May 2001, the Board found that there was no clear and unmistakable error in the January 1980 rating decision, and Mrs. Moffitt appealed to the Court. In May 2002, the Court granted the parties' joint motion for partial remand, in which the parties agreed that the Board failed to adjudicate Mrs. Moffitt's claim for enhanced dependency and indemnity compensation benefits. R. at 324. The Board thereafter remanded Mrs. Moffitt's claim for enhanced dependency and indemnity compensation to the regional office. In April 2004, the regional office denied Mrs. Moffitt's claim for enhanced dependency and indemnity compensation on the merits, and she again appealed to the Board.

In August 2008, the Board denied Mrs. Moffitt's claim for enhanced dependency and indemnity compensation, finding that a December 2005 amendment to 38 C.F.R. § 20.1106 and promulgation of 38 C.F.R. § 3.10(f) precluded her theory of hypothetical entitlement. Mrs. Moffitt appealed to the Court.

In April 2010, the Court vacated and remanded the August 2008 Board decision, ordering the Board to consider the three-part test in *Princess Cruises v. United States*, 397 F.3d 1358 (Fed. Cir. 2005), to determine whether any interpretive change in the law governing dependency and indemnity compensation benefits created an unlawful retroactive effect with respect to Mrs. Moffitt's claim.

In November 2010, the Board issued the decision on appeal, finding retroactive application of this regulation would not have an impermissible retroactive effect and that Mrs. Moffitt was not

entitled to enhanced dependency and indemnity compensation benefits under the law. This appeal followed.

In June 2013, the Court stayed proceedings of Mrs. Moffitt's appeal pending resolution of an appeal then before the Federal Circuit that involved a similar issue. That case, *Kernea v. Shinseki*, 724 F.3d 1374 (Fed. Cir. 2013), has now been resolved. In August 2013, the Court lifted the June 2013 stay of proceedings and Mrs. Moffitt and the Secretary filed supplemental memorandums of law regarding the effect of *Kernea* on the current appeal.

## II. PARTIES' ARGUMENTS

Mrs. Moffitt raises one issue on appeal: that she is entitled to substantiate her claim for enhanced dependency and indemnity compensation benefits under section 1311(a)(2) on the basis of hypothetical entitlement because her claim was filed prior to the December 2005 promulgation of 38 C.F.R. § 3.10(f)(3) and amendment to 38 C.F.R. § 20.1106, which specifically prohibit hypothetical entitlement. Mrs. Moffitt asserts that her case is factually distinguishable from *Kernea* because she filed her claim in August 1999, prior to VA taking steps to prohibit the use of hypothetical entitlement, while Ms. Kernea filed her claim in June 2003, after VA began taking steps to overturn hypothetical entitlement for claims under section 1311(a)(2).

The Secretary disputes this assertion and argues that the Board properly applied § 3.10(f)(3) and the amendment to § 20.1106 to Mrs. Moffitt's claim for benefits. The Secretary further asserts that the Federal Circuit's decision in *Kernea* controls and that Mrs. Moffitt is not entitled to substantiate her claim for enhanced dependency and indemnity compensation benefits under section 1311(a)(2) on the basis of hypothetical entitlement.

## III. ANALYSIS

### A. History of Hypothetical Entitlement

Section 1311(a)(2) provides that "a veteran's surviving spouse may qualify for increased [dependency and indemnity compensation] benefits if the veteran received 'or was *entitled to receive* . . . compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding death.'" *Kernea*, 724 F.3d at 1375-76 (emphasis

4

added) (quoting 38 U.S.C. § 1311(a)(2)). In *Green v. Brown*, 10 Vet.App. 111, 114 (1997), the Court held that dependency and indemnity compensation claimants could establish entitlement to benefits under the doctrine of hypothetical entitlement. The Court interpreted the "entitled to receive" language in section 1318, a similar statute, as providing a basis for a separate claim made by the surviving spouse "regardless of the status of adjudications concerning service-connected-disability claims brought by the veteran before his or her death."[1] *Id.* Accordingly, the surviving spouse was able to "attempt to demonstrate that the veteran hypothetically would have been entitled to receive a different decision on a service-connection related issue," *id.* at 118, in effect providing de novo review of the veteran's claims when considering the surviving spouse's dependency and indemnity compensation claim.

In *Hix v. West*, the Court held that the "entitled to receive" language contained in section 1311(a)(2), "entitles the claimant to obtain a determination of whether the deceased veteran, prior to death, *hypothetically* would have been entitled to receive an award of service connection and an assignment of a total disability rating so as to qualify under that statute." 12 Vet.App. 138, 141 (1999)(emphasis added). The Secretary appealed this decision to the Federal Circuit, which affirmed and held that "the 'entitled to receive' provision of [section] 1311(a)(2) requires [a] *de novo* determination of the veteran's disability, upon the entirety of the record including any new evidence presented by the surviving spouse." *Hix v. Gober*, 225 F.3d 1377, 141 (Fed. Cir. 2000). In other words, the "entitled to receive" language of section 1311(a)(2) was interpreted as requiring the Secretary to consider evidence presented by a surviving spouse to determine whether the veteran was "hypothetically entitled" to receive compensation for the eight years preceding his death.

---

[1] 38 U.S.C. § 1318(b) states: A deceased veteran referred to in subsection (a) of this section is a veteran who dies, not as the result of the veteran's own willful misconduct, and who was in receipt of or entitled to receive (or but for the receipt of retired or retirement pay was entitled to receive) compensation at the time of death for a service-connected disability rated totally disabling if--
  (1) the disability was continuously rated totally disabling for a period of 10 or more years immediately preceding death;
  (2) the disability was continuously rated totally disabling for a period of not less than five years from the date of such veteran's discharge or other release from active duty; or
  (3) the veteran was a former prisoner of war and the disability was continuously rated totally disabling for a period of not less than one year immediately preceding death.

In 2001, the Federal Circuit held in *Nat'l Org. of Veterans' Advocates v. Sec'y of Veterans Affairs*, that VA's interpretation of the "entitled to receive" language in sections 1311 and 1318 was inconsistent. Both statutes contained nearly identical "entitled to receive" language, and both "sections 1311 and 1318 [] prescribe circumstances under which survivors of deceased veterans may receive [dependency and indemnity compensation] benefits." 260 F.3d 1365, 1369 (Fed. Cir. 2001) (*NOVA I*). The Federal Circuit noted that "both statutes provide that survivors may obtain benefits (or increased benefits) in cases where the deceased veteran was 'entitled to receive' compensation for a totally disabling injury preceding death," but VA promulgated regulations "that interpret the virtually identical language of those statutes in conflicting ways." *Id.* at 1370. Specifically, at the time that *NOVA I* was decided, 38 C.F.R. § 20.1106, the implementing regulation for section 1311, provided "except with respect to benefits under the provisions of [section 1318] . . . issues involved in a survivor's claim for dependency and indemnity compensation benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime." 38 C.F.R. § 20.1106. The Federal Circuit concluded that VA had two options: explain its decision to interpret the provisions inconsistently despite the fact that the statutory language is virtually identical or harmonize the two regulations and explain its decision to interpret the language in that way.

In December 2005, VA amended § 20.1106 to specifically reference section 1311(a)(2), thereby prohibiting the use of hypothetical entitlement to establish claims for enhanced dependency and indemnity compensation benefits. Section 20.1106 provides that, "[e]xcept with respect to benefits under the provisions of 38 U.S.C. § 1311(a)(2),[and] 1318, . . . issues involved in a survivor's claim for death benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime." 38 C.F.R. § 20.1106. Accordingly, this amendment prohibited the use of the hypothetical entitlement theory for claims made pursuant to section 1311(a)(2).

Also in December 2005, VA promulgated 38 C.F.R. § 3.10, subsection (f)(3), which provides limited exceptions to the bar of establishing a claim for enhanced dependency and indemnity compensation benefits on the basis of hypothetical entitlement:

> (3) Definition of "entitled to receive[.]" As used in paragraph (c) of this section, the phrase "entitled to receive" means that the veteran filed a claim for disability compensation during his or her lifetime and one of the following circumstances is satisfied:

(i) The veteran would have received total disability compensation for the period specified in paragraph (c) of this section but for clear and unmistakable error committed by VA in a decision on a claim filed during the veteran's lifetime; or

(ii) Additional evidence submitted to VA before or after the veteran's death, consisting solely of service department records that existed at the time of a prior VA decision but were not previously considered by VA, provides a basis for reopening a claim finally decided during the veteran's lifetime and for awarding a total service-connected disability rating retroactively in accordance with §§ 3.156(c) and 3.400(q)(2) of this part for the period specified in paragraph (c) of this section; or

(iii) At the time of death, the veteran had a service-connected disability that was continuously rated totally disabling by VA for the period specified in paragraph (c) of this section.

38 C.F.R. § 3.10(f)(3).

In 2007, the Federal Circuit, in *Nat'l Org. of Veterans' Advocates v. Sec'y of Veterans Affairs*, 476 F.3d 872, 876 (Fed. Cir. 2007) (*NOVA III*), held that VA's regulations implementing sections 1311 and 1318 were a reasonable interpretation of statutory authority, in that VA may choose to prohibit the use of hypothetical entitlement as a viable theory to establish dependency and indemnity compensation benefits under sections 1311 and 1318 in the absence of clear and unmistakable error.

Subsequently, in *Rodriguez v. Peake*, 511 F.3d 1147, 1156 (Fed. Cir. 2008), the Federal Circuit held that the application of amended 38 C.F.R. § 3.22, the implementing regulation for section 1318, may be applied retroactively to section 1318 claims filed prior to the regulatory change. Thus, section 1318 claimants may be precluded from substantiating their claims on the basis of hypothetical entitlement although their claims were filed before the amendment to the regulation. After applying the *Princess Cruises* factors, the Federal Circuit concluded that the application of § 3.22 to claims filed before the regulatory change did not result in an impermissible retroactive effect. *Rodriguez*, however, dealt with an appellant who had filed her claim before this Court's decision in *Green v. Brown*, 10 Vet.App. 111 (1997), which established the availability of the hypothetical entitlement theory. Since that time, the Federal Circuit has held that § 3.22 applies retroactively to those dependency and indemnity compensation claims even where an appellant filed

the claim after this Court decided *Green*. *See Tarver v. Shinseki*, 557 F.3d 1371, 1377 (Fed. Cir. 2009).

In *Tarver,* the Federal Circuit focused on a precedential VA General Counsel decision, that announced that it interpreted a similar statute, section 1318, as precluding survivors of veterans from pursuing a claim for dependency and indemnity compensation benefits on the basis of hypothetical entitlement. *See* VA Gen. Coun. Prec. 68-90 (July 18, 1990). The Federal Circuit highlighted the history of VA's interpretation of the "entitled to receive" language contained in section 1318, including the VA General Counsel opinion. It found persuasive that "beginning with the issuance of the 1990 precedential opinion and through the various appeals to the Veterans Court . . . [VA's] position [was] sufficiently consistent that it would not be unfair to charge [the appellant with] 'notice of the Department's interpretation of the "entitled to receive" language.'" *Tarver*, 557 F.3d at 1376. The Federal Circuit found that any expectation that the statutory interpretation permitting hypothetical entitlement "was not subject to change through administrative action would have been objectively unreasonable." *Id.*

In *Kernea*, the Federal Circuit was again faced with the issue of the viability of hypothetical entitlement as a permissible theory to establish a claim for benefits under section 1311. The Federal Circuit was tasked with determining whether Ms. Kernea was barred from substantiating her claim for benefits under section 1311 based on the hypothetical entitlement theory because her claim was filed before the regulation banning that theory was adopted. The Federal Circuit held that the December 2005 promulgation of § 3.10(f)(3) and the amendment to § 20.1106, which prohibit claimants from substantiating claims under section 1311(a)(2) by a theory of hypothetical entitlement, may be applied retroactively to bar claims filed before the rules became effective. The Federal Circuit considered the factors regarding retroactivity set out in the *Princess Cruises* decision and found that applying the new regulations to claims filed before they became effective does not result in an impermissible retroactive effect.

B. *Princess Cruises* Factors

At the outset, the Court notes that "[r]etroactivity is not favored by the law," and "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208

(1988). In *Princess Cruises*, the Federal Circuit announced three factors that a court must consider in determining whether a regulation should be given retroactive effect: (1) "'the nature and extent of the change of the law;'" (2) "'the degree of connection between the operation of the new rule and a relevant past event;'" (3) and "'familiar considerations of fair notice, reasonable reliance, and settled expectations.'" 397 F.3d at 1364 (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 270 (1994)). Although the Federal Circuit already applied these factors to § 3.10(f)(3) and § 20.1106 in *Kernea*, Mrs. Moffitt's claim was filed prior to the time period considered in *Kernea* and, thus, the Court finds it necessary to reevaluate the factors under the current factual circumstances. Accordingly, the Court must now address whether VA's use of the amended regulation to preclude Mrs. Moffitt from substantiating her claim for dependency and indemnity compensation benefits on the basis of hypothetical entitlement results in an impermissible retroactive effect.

### 1. Nature and Extent of Change in Law

First, the Court cannot conclude that the nature and extent of the change in the law is substantial. Here, Mrs. Moffitt asserts that because she filed her claim in 1999, *Kernea* is inapplicable and, as such, she should be able to substantiate her claim for benefits pursuant to section 1311 on the basis of hypothetical entitlement. Mrs. Moffitt focuses on the language of *Kernea* that seems to give significant weight to the time at which Ms. Kernea filed her claim: after VA began taking public steps to overturn the judicial doctrine of hypothetical entitlement.

Although Mrs. Moffitt filed her claim in August 1999, before VA amended or promulgated regulations barring the use of hypothetical entitlement as a permissible theory, the Court finds that the timing of Mrs. Moffitt's claim is irrelevant to the first *Princess Cruises* factor. *See Tarver*, 557 F.3d at 1375 (concluding that "[t]he timing of Mrs. Tarver's claim is irrelevant to the first *Princess Cruises* factor"). First, as early as 1990, VA issued a precedential General Counsel opinion that interpreted the phrase "entitled to receive" as the "actual receipt of total disability benefits for a minimum period of 10 years, not [merely] entitlement thereto." VA Gen. Coun. Prec. 68-90 (July 18, 1990). In its General Counsel opinion, VA gave no indication that it would provide de novo review of a veteran's previously denied claims to see if she or he hypothetically would be entitled to a total disability rating. Further, after the Court decided *Hix v. West*, the Secretary appealed this interpretation to the Federal Circuit and, although *Hix* was affirmed, VA still took steps to amend

its regulations to preclude the use of hypothetical entitlement as a permissible theory to substantiate section 1311 benefits. Although VA made several attempts to amend the pertinent regulations to comply with the Federal Circuit's directives, the Secretary's interpretation, prohibiting the use of hypothetical entitlement, was ultimately upheld in 2007. *See NOVA III*, 476 F.3d at 876 (holding that "VA's interpretation of sections 1311(a)(2) and 1318 as allowing compensation only in circumstances where the grounds for reopening a veteran's claim would provide retroactive relief is reasonable.").

Thus, on review of the pertinent case law, regulatory amendments, and 1990 VA General Counsel opinion, the Court concludes that the Secretary has consistently disfavored hypothetical entitlement and in fact amended and promulgated regulations to preclude the use of hypothetical entitlement as a basis for substantiating benefits. Consequently, the Court concludes that the December 2005 amendment to § 20.1106 and promulgation of § 3.10(f)(3) simply reiterate VA's long-standing opposition to the use of hypothetical entitlement, and that "the Secretary was merely clarifying the Department's earlier interpretation . . . and, thus the nature and extent of the change to the law was not substantial."*Rodriguez*, 511 F.3d at 1154. Accordingly, the Court holds that this factor weighs in favor of permissible retroactivity.

### 2. Degree of Connection

The second factor is the degree of connection between the operation of the new rule and a relevant past event. The Federal Circuit, in *Tarver*, noted that "[i]n determining whether the statute or regulation at issue has a significant nexus to relevant past events [it] frequently look[s] to whether the rule affects 'primary conduct,' i.e., the conduct that gave rise to the suit or claim at issue." 557 F.3d at 1375. In *Kernea*, the Federal Circuit noted that the relevant conduct "took place in the 1960s–decades before [section] 1311(a)(2) was even enacted–when [Ms. Kernea's] husband filed his disability claims." 724 F.3d at 1381. The Federal Circuit further stated: "In theory, Ms. Kernea's husband might have filed his disability claim 'earlier or prosecuted it more vigorously in the first instance . . . if he had known that hypothetical entitlement claims would be disallowed,'" but ultimately concluded that, "because he filed his claims decades before Congress enacted [section] 1311(a)(2), before this court decided *Hix*[*v. West*], and before the VA promulgated § 3.10(f)(3)," his

10

conduct "cannot be attributed to the change in the law occasioned by that rule." *Id.* (quoting *Tarver*, 557 F.3d at 1376).

Similarly, here, the Court finds that this factor weighs in favor of permissible retroactivity. The relevant conduct took place either in 1946 when Mr. Moffitt filed his initial claim for benefits or 1979 when he filed his request for a total disability rating based on individual unemployability. Again, if Mr. Moffitt had known that hypothetical entitlement might not be available, he might have prosecuted his claims "more vigorously." *Id.* (internal quotation marks omitted). However, at the time Mr. Moffitt filed his initial claim for benefits in 1946 and his request for a total disability rating based on individual unemployability rating in 1979, Congress had not enacted section 1311(a)(2), hypothetical entitlement was not a recognized theory, and VA had neither promulgated § 3.10(f)(3) nor amended § 20.1106. Consequently, Mr. Moffitt's "failure to conform his conduct to the requirements of amended rule [3.10(f)(3)] cannot be attributed to the change in the law occasioned by that rule." *Id.* (quoting *Tarver*, 557 F.3d 1371 at 1376). Accordingly, the Court concludes that this factor weighs in favor of permissible retroactivity.

### 3. Notice, Reasonable Reliance, and Settled Expectations

Finally, the Court must consider "familiar considerations of fair notice, reasonable reliance, and settled expectations." *Princess Cruises*, 397 F.3d at 1366.

Mrs. Moffitt's main contention is that her case is factually distinguishable from *Kernea*, because she filed her claim in August 1999, *prior* to *any* public steps taken by VA to disallow hypothetical entitlement, whereas Ms. Kernea filed her claim in June 2003, *after* VA had already begun to take steps to disallow the use of hypothetical entitlement. Consequently, Mrs. Moffitt asserts that she may not be charged with notice that hypothetical entitlement may no longer be a permissible theory as she had reasonable reliance and the settled expectation that she may pursue her claim on the basis of hypothetical entitlement. The Court concludes that this distinction cannot be the sole basis for this Court to diverge from the Federal Circuit's decision in *Kernea*.

Here, as discussed at length above in relation to the first *Princess Cruises* factor, it should have been apparent that when Mrs. Moffitt filed her claim in 1999, the hypothetical entitlement theory may no longer be permitted for section 1311 claims. First, the Secretary appealed this Court's decision in *Hix v. West*, and, in fact, Mrs. Moffitt's claims were specifically stayed pending the

outcome of that decision. *See* R. at 453. Despite Mrs. Moffitt's assertions, the Secretary has consistently disfavored hypothetical entitlement as a permissible theory, as evidenced by the 1990 VA General Counsel precedent opinion and the Secretary's appeal to the Federal Circuit in *Hix*. Further, the Court again notes that in *Tarver*, the Federal Circuit highlighted the pertinent history of hypothetical entitlement claims and "found that [VA's] position [was] sufficiently consistent that it would not be unfair to charge [] 'notice of the Department's interpretation of the "entitled to receive" language.'" *Tarver*, 557 F.3d at 1376 (quoting *Rodriguez*, 511 F.3d at 155-56). Analogous to the facts in *Tarver*, Mrs. Moffitt's claim was filed against the same background of VA's "unwavering opposition to hypothetical entitlement claims" and thus, under these circumstances, "any expectation that the statutory interpretation . . . was not subject to change through administrative action would have been *objectively unreasonable*." *Tarver*, 557 F.3d at 1376 (emphasis added). In light of the above discussion, the Court finds that this factor also weighs in favor of permissible retroactivity.

C. Summary

Because the three *Princess Cruises* factors weigh in favor of permissible retroactivity, the Court concludes that the amendment to § 20.1106 and the promulgation of § 3.10(f)(3) may be applied retroactively to bar Mrs. Moffitt's theory of entitlement. Accordingly, the Court finds that the Board did not err in retroactively applying § 20.1106 and §3.10(f)(3) to Mrs. Moffitt's claim for enhanced dependency and indemnity compensation benefits and, thus, the Court will affirm the November 2010 Board decision.

**IV. CONCLUSION**

Upon consideration of the foregoing, the November 23, 2010, Board decision is AFFIRMED.


Copies to:

Kenneth M. Carpenter, Esq.

VA General Counsel (027)