# United States Court of Appeals for the Federal Circuit

---

**DOROTHY M. MOFFITT,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7071

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-4078, Judge Lawrence B. Hagel, Judge William Greenberg, Judge William A. Moorman.

---

Decided: January 21, 2015

---

DOROTHY M. MOFFITT, of Victorville, California, pro se.

ALLISON KIDD-MILLER, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J.

BARRANS, Acting Assistant General Counsel, and
RACHAEL T. BRANT, Attorney, United States Department
of Veterans Affairs, of Washington, DC.

---

Before LOURIE, MOORE, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Dorothy M. Moffitt ("Mrs. Moffitt") appeals pro se
from a decision of the United States Court of Appeals for
Veterans Claims ("Veterans Court") affirming the Board
of Veterans' Appeals ("Board") decision that denied enti-
tlement to enhanced dependency and indemnity compen-
sation under 38 U.S.C. § 1311. *Moffitt v. Shinseki*, 26 Vet.
App. 424 (2014). For the reasons explained below, we
affirm.

## BACKGROUND

Mrs. Moffitt is the widow of Douglas A. Moffitt, a vet-
eran of World War II. Mr. Moffitt served on active duty in
the United States Army from July 1944 until May 1946,
when he was discharged as a result of injuries sustained
during service. In 1946, Mr. Moffitt applied for disability
benefits and the Department of Veterans Affair's Regional
Office ("RO") awarded him a combined disability rating of
100%. In a subsequent rating decision, however, the RO
reduced Mr. Moffitt's benefits to a combined 60% disabil-
ity rating, with special monthly compensation, effective
March 1953. With the exception of a three-month period
in 1958, during which Mr. Moffitt received a temporary
disability rating of 100%, his combined rating remained at
60% until his death in 1982.

When a veteran dies from a service-connected or com-
pensable disability, the surviving spouse, children, and
parents may qualify for dependency and indemnity com-
pensation ("DIC"). 38 U.S.C. § 1310. If the veteran's
death is not service-connected, 38 U.S.C. § 1318 provides

that the surviving spouse and children may qualify for DIC if the veteran received, or was "entitled to receive," benefits for a service-connected disability that was rated totally disabling for the 10-year period prior to the veteran's death. 38 U.S.C. § 1318(b).

After Mr. Moffitt's death, Mrs. Moffitt sought DIC benefits pursuant to 38 U.S.C. § 1151, which provides that, when a veteran suffers an additional disability or death as the result of VA hospitalization, medical or surgical treatment, or examination, disability or DIC benefits shall be awarded in the same manner as if such disability or death were service-connected. In a June 1991 decision, the Board concluded that, "[w]ith the benefit of the doubt being resolved in the appellant's favor, the veteran's death was the result of injury incurred during hospitalization at a VA facility, within the meaning of the pertinent laws and regulations." Appendix ("A") 40. Accordingly, the Board granted Mrs. Moffitt's claim for DIC benefits.[1] The Department of Veterans Affairs ("VA") also posthumously granted Mr. Moffitt's pending claim for total disability based on individual unemployability ("TDIU") and assigned a 1979 effective date.

In July 1999, Mrs. Moffitt filed "a motion to revise a January 1980 rating decision that denied her husband's benefits for post-operative left inguinal hernia and phlebitis on the basis of clear and unmistakable error." *Moffitt*, 26 Vet. App. at 426. A month later—in August 1999—Mrs. Moffitt applied for enhanced DIC benefits pursuant to 38 U.S.C. § 1311, which applies where the veteran "was entitled to receive" compensation on the basis of a total

---

[1] The Board granted Mrs. Moffitt's claim for DIC benefits under 38 U.S.C. § 351, which was redesignated as 38 U.S.C. § 1151. *See* Pub. L. No. 102-83, § 5(a), 105 Stat. 378, 406 (Aug. 6, 1991).

disability rating for "a period of at least eight years im-
mediately preceding death." 38 U.S.C. § 1311(a)(2).[2]
According to Mrs. Moffitt, her husband "should have been
rated at [] 100% [disabled] for 10 or more years [prior to
his death]." *Moffitt*, 26 Vet. App. at 426 (alteration in
original).

The RO sent Mrs. Moffitt a letter indicating that it
was deferring consideration of her claim for enhanced DIC
benefits "pending the completion of litigation in the case
of *Hix v. West*." *Id.* (citing *Hix v. West*, 12 Vet. App. 138
(1999)). The issue in *Hix* was whether the "entitled to
receive" language in § 1311 permits an award of enhanced
DIC benefits based on a "hypothetical entitlement theo-
ry." A "hypothetical entitlement" claim—like Mrs. Mof-
fitt's—is a new claim that "would permit the Board to
adjudicate a claim for DIC benefits on a hypothetical
basis, 'without regard to claim filing or claim dispositions
during the veteran's lifetime.'" *Kernea v. Shinseki*, 724
F.3d 1374, 1377 (Fed. Cir. 2013) (quoting *Nat'l Org. of
Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 314
F.3d 1373, 1377 (Fed. Cir. 2003) ("*NOVA II*")). "In other
words, the Board could make a '*de novo* determination of
the veteran's disability, upon the entirety of the record
including any new evidence presented by the surviving
spouse.'" *Id.* (quoting *Hix v. Gober*, 225 F.3d 1377, 1380-
81 (Fed. Cir. 2000)).

---

[2]    Although the record reveals that Mrs. Moffitt's
August 1999 filing requested DIC benefits under 38
U.S.C. § 1318, subsequent documents clarify that she was
seeking enhanced DIC benefits under 38 U.S.C. § 1311.
*See Moffitt v. Shinseki*, No. 08-2894, 2010 WL 1337707, at
*1 (Vet. App. Apr. 7, 2010) ("Ms. Dorothy M. Moffitt
moves pro se for the remand of an August 11, 2008,
decision of the [Board] that denied entitlement to en-
hanced [DIC] benefits pursuant to 38 U.S.C. § 1311.").

In the interim, the RO found no clear and unmistakable error ("CUE") in the January 1980 rating decision that denied Mr. Moffitt benefits for a hernia and thrombophlebitis. The Board affirmed, and Mrs. Moffitt appealed that decision to the Veterans Court. In May 2002, Mrs. Moffitt—who was represented by counsel—entered into a joint motion for partial remand for the Board to consider her still-pending claim for enhanced DIC benefits. In the motion, the parties agreed that "the denial of entitlement to accrued benefits on the basis of CUE in a January 18, 1980 rating decision that denied service connection for a hernia and thrombophlebitis should be deemed abandoned." A46.

The Board remanded Mrs. Moffitt's claim for enhanced DIC benefits to the RO. In an April 2004 rating decision, the RO denied her claim on the merits, finding that the evidence of record failed to show that Mr. Moffitt became totally disabled eight years or more before his death. Mrs. Moffitt appealed that decision to the Board.

In an August 2008 decision, the Board denied Mrs. Moffitt's claim for enhanced DIC benefits, finding that the VA's regulations, which were amended while Mrs. Moffitt's claim was pending, precluded her hypothetical entitlement theory. Specifically, "38 C.F.R. § 20.1106 was amended to clarify that, as with decisions under 38 U.S.C. 1318, decisions under 38 U.S.C. 1311(a)(2) will be decided taking into consideration prior dispositions made during the veteran's lifetime of issues involved in the survivor's claim." A61. And, in 2005, the VA promulgated 38 C.F.R. § 3.10(f), which defined the phrase "entitled to receive" in § 1311(a)(2) to preclude hypothetical entitlement. *See* Dependency and Indemnity Compensation: Surviving Spouse's Rate, 70 Fed. Reg. 72211, 72212 (Dec. 2, 2005).

The Board explained that, while Mrs. Moffitt's claim was pending, this court upheld VA regulations barring use of the hypothetical entitlement theory to establish

entitlement to DIC benefits under either § 1311 or § 1318. *See NOVA II*, 314 F.3d at 1378-80 (holding that the VA could construe "entitled to receive" in § 1311 and § 1318 to preclude hypothetical entitlement claims). For example, the Board cited this court's decision in *Rodriguez v. Peake*, 511 F.3d 1147, 1156 (Fed. Cir. 2008), where we held that an amendment to 38 C.F.R. § 3.22 barring hypothetical entitlement as a basis for DIC benefits under section § 1318 could be applied to claims filed prior to the amendment.

Given this precedent, the Board concluded that "the Courts have held that 'hypothetical entitlement' as an additional basis for establishing eligibility to enhanced DIC benefits is prohibited regardless of when the claim is filed." A63. Although the Board recognized that the VA's regulations permit enhanced DIC benefits where the deceased veteran filed a claim during his lifetime and would have received total disability compensation for at least eight years before death but for CUE, Mrs. Moffitt did not allege CUE with respect to any prior decision. Because Mrs. Moffitt's claim for increased DIC benefits was based solely on hypothetical entitlement to a disability rating, she was precluded from asserting it.

Mrs. Moffitt appealed the Board's decision to the Veterans Court. Because the VA had amended 38 C.F.R. § 20.1106 and added 38 C.F.R. § 3.10 while Mrs. Moffitt's claim was pending, the parties agreed that remand was necessary for the Board to consider and apply the retroactivity analysis set forth in *Princess Cruises, Inc. v. United States*, 397 F.3d 1358 (Fed. Cir. 2005). Accordingly, the Veterans Court remanded her claim for further adjudication. *Moffitt v. Shinseki*, No. 08-2894, 2010 WL 1337707, at *1 (Vet. App. Apr. 7, 2010).

Applying the *Princess Cruises* factors on remand, the Board determined that application of the amended regulations to Mrs. Moffitt's claim did not create an unlawful

retroactive effect. Specifically, the Board compared Mrs. Moffitt's § 1311(a)(1) claim to the § 1318 claim at issue in *Rodriguez*, and concluded that: (1) the changes in 38 C.F.R. §§ 20.1106 and 3.10[3] were similar to the changes to 38 C.F.R. § 3.22, which this court found not substantial in *Rodriguez*; (2) as was the case for the claimant in *Rodriguez*, Mrs. Moffitt filed her claim for enhanced DIC benefits prior to the change in the law, and there was no indication that she relied on the prior law or would have acted differently if the law had not changed; and (3) Mrs. Moffitt "could not have relied on the theory of hypothetical entitlement when she first filed her claim" because it was the "VA's consistent policy to not allow this approach." *In re Moffitt*, No. 06-24 327, 2010 BVA LEXIS 49605, at *17-20 (Bd. Vet. App. Nov. 23, 2010) ("2010 Board Decision"). Because her claim was based on a hypothetical entitlement theory, the Board concluded that Mrs. Moffitt was not entitled to enhanced DIC benefits. *Id.* at *21-22. Mrs. Moffitt appealed this decision to the Veterans Court.

In June 2013, the Veterans Court stayed proceedings in Mrs. Moffitt's appeal pending resolution of this court's decision in *Kernea v. Shinseki*, 724 F.3d 1374 (Fed. Cir. 2013). In *Kernea*, we held that § 3.10(f)(3) can apply retroactively to prohibit § 1311 claims based on a theory of hypothetical entitlement. *Id.* at 1381-82. Shortly thereafter, the Veterans Court lifted the stay and the parties filed supplemental briefing on the effect this court's decision in *Kernea* had on Mrs. Moffitt's appeal.

---

[3]    Although the Board's decision cites 38 C.F.R. § 3.5(e), that section was removed and replaced with new 38 C.F.R. § 3.10, which includes the "entitled to receive" language at issue in this appeal in § 3.10(f)(3). *See* Dependency and Indemnity Compensation: Surviving Spouse's Rate, 70 Fed. Reg. 72211, 72212 (Dec. 2, 2005).

Before the Veterans Court, Mrs. Moffitt argued, through counsel, that her case is distinguishable from *Kernea*, because she filed her claim in August 1999, *before* the VA took steps to prohibit use of the hypothetical entitlement theory, whereas the claimant in *Kernea* filed her claim in June 2003, *after* the VA began "taking steps to overturn hypothetical entitlement for claims under section 1311(a)(2)." *Moffitt*, 26 Vet. App. at 427. A three-judge panel of the Veterans Court found that this distinction was insufficient to warrant a different outcome, particularly since "it should have been apparent that when Mrs. Moffitt filed her claim in 1999, the hypothetical entitlement theory may no longer be permitted for section 1311 claims." *Id.* at 432. Applying the *Princess Cruises* factors, as we did in *Kernea*, the Veterans Court found that the amendment to § 20.1106 and promulgation of § 3.10(f)(3) could be applied retroactively to bar Mrs. Moffitt's theory of entitlement. Accordingly, the Veterans Court affirmed the Board's 2010 decision denying Mrs. Moffitt's claim for increased DIC benefits.

Mrs. Moffitt timely appealed to this court. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute. Pursuant to 38 U.S.C. § 7292(a), the court may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." In doing so, we must decide "all relevant questions of law" and set aside any regulation or interpretation relied on by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limita-

tions, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* at (d)(1).

This court reviews the Veterans Court's legal determinations de novo. *Rodriguez v. Peake*, 511 F.3d 1147, 1152 (Fed. Cir. 2008). Accordingly, we review the "Veterans Court's legal determinations regarding the validity of a law or any interpretation thereof" without deference. *Id.* Absent a constitutional issue, however, we may not review factual determinations or the application of a law or regulation to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

On appeal, Mrs. Moffitt argues that the Veterans Court erred when it reviewed the documents she sent in support of her enhanced DIC claim. She asks this court to "review ALL documentation that is available to review the severe war wounds that the veteran . . . sustained on the battlefield." Informal Br. 2. These assertions, which appear to relate only to factual issues underlying Mrs. Moffitt's claim, are outside the scope of this court's jurisdiction. *See* 38 U.S.C. § 7292(d)(2).

In her Informal Reply Brief, however, Mrs. Moffitt challenges the Veterans Court's retroactive application of the amended VA regulations barring hypothetical entitlement claims for enhanced DIC benefits under § 1311. Specifically, she argues that she filed her claim for enhanced DIC benefits in August 1999—before the VA amended its regulations in 2005—and that, "when a claim is filed some years before a law is passed, it should be valid and honored while awaiting the passage of a law." Informal Reply 1.[4]

---

[4] Although Mrs. Moffitt did not specifically raise this argument in her opening brief on appeal, she was represented by counsel in the proceedings before the Veterans Court and her counsel challenged the retroac-

In response, the Secretary argues that, "[t]o the extent Mrs. Moffitt challenges the Veterans Court's holding that the *Princess Cruises* factors weigh in favor of applying the amended VA regulations barring hypothetical entitlement claims for enhanced DIC under section 1311, and to the extent the Court determines that such a challenge falls within its jurisdiction," we should affirm. Sec'y Informal Br. 10. According to the Secretary, the VA's amended regulations barring hypothetical entitlement claims are not unlawfully retroactive.

This court has identified three factors a court is to consider in determining whether a regulation should be given retroactive effect: (1) "the nature and extent of the change of the law"; (2) "the degree of connection between the operation of the new rule and a relevant past event"; and (3) "familiar considerations of fair notice, reasonable reliance, and settled expectations." *Princess Cruises*, 397 F.3d at 1364 (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994)).

As noted, in *Kernea*, we found that all three factors weighed in favor of applying § 3.10(f)(3) retroactively to prohibit the claimant's hypothetical entitlement claim under § 1311(a)(2). 724 F.3d at 1382. According to the Secretary, the Veterans Court in this case properly concluded that application of the *Princess Cruises* factors results in the same outcome as in *Kernea*. For the reasons explained below, we agree.

A. Nature and Extent of the Change in the Law

The first *Princess Cruises* factor is "the nature and extent of the change of the law." 397 F.3d at 1364 (internal

---

tive application of the VA's amended regulations. Mrs. Moffitt is pro se in this appeal, and we construe her submissions liberally as a challenge to the retroactive application of the revised regulations.

quotation and citation omitted). Although Mrs. Moffitt is correct that the revised regulations prohibiting hypothetical entitlement were not in effect when she filed her claim for enhanced DIC benefits in 1999, we agree with the Secretary that the VA's amendment to § 20.1106 and promulgation of § 3.10 "merely codified VA's long-standing opposition to the hypothetical entitlement theory." Sec'y Informal Br. 12.

Congress created enhanced DIC benefits as part of the Veterans' Benefits Act of 1992 for survivors of veterans who were in receipt of or were "entitled to receive" benefits for a service-connected disability that was rated totally disabling for at least eight years before death. Pub. L. No. 102-568, § 102(a)(2), 106 Stat. 4320, 4321-22 (Oct. 29, 1992). By that time, the VA General Counsel had issued a precedential opinion interpreting "entitled to receive" in a similar statute—38 U.S.C. § 1318—as the "actual receipt of total disability benefits for a minimum period of 10 years, not [merely] entitlement thereto." *Moffitt*, 26 Vet. App. at 431 (quoting VA Gen. Coun. Prec. 68-90 (July 18, 1990) (alteration in original)). In that report, the "VA gave no indication that it would provide de novo review of a veteran's previously denied claims to see if she or he hypothetically would be entitled to a total disability rating." *Id.*

In 1992—roughly nine months before Congress amended § 1311 to include enhanced DIC benefits—the VA promulgated 38 C.F.R. § 20.1106, which provided that:

> Except with respect to benefits under the provisions of 38 U.S.C. 1318 . . . , issues involved in a survivor's claim for death benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime.

38 C.F.R. § 20.1106 (1992). In our 2000 decision in *Hix*, we found that, because § 20.1106 specifically excluded

§ 1318—but not § 1311—hypothetical entitlement claims were permitted under § 1311, but not under § 1318. 225 F.3d at 1380-81 ("We affirm the ruling of the Court of Appeals for Veterans Claims that the 'entitled to receive' provision of § 1311(a)(2) requires de novo determination of the veteran's disability, upon the entirety of the record including any new evidence presented by the surviving spouse.").[5]

In 2001, the VA proposed an amendment to § 20.1106 to:

> make VA's position clear that entitlement to bene-fits under either 38 U.S.C. 1318 or 38 U.S.C. 1311 must be based on the determinations made during the veteran's lifetime, or challenges to such deci-sions on the basis of clear and unmistakable error, rather than on de novo posthumous determina-tions as to whether the veteran hypothetically could have been entitled to certain benefits if he or she had applied for them during his or her life-time.

Board of Veterans' Appeals Rules of Practice: Claim for Death Benefits by Survivor, 66 Fed. Reg. 65,861, 65,861 (Dec. 21, 2001). The amendment, which became effective in May 2002, provided that: *"[e]xcept with respect to benefits under the provisions of 38 U.S.C. § 1311(a)(2),* [and] 1318, . . . issues involved in a survivor's claim for death benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime." Board of Veterans' Appeals Rules of Practice: Claim for

---

[5]    As the Secretary explains, § 20.1106 did not refer to § 1311, "which, at that time, did not contain the same 'entitled to receive' provision found in section 1318, but instead tied DIC payments to a veteran's military rank." Sec'y Informal Br. 13 (citing 38 U.S.C. § 1311(a) (1991)).

Death Benefits by Survivor, 67 Fed. Reg. 16,309, 16,317 (Apr. 5, 2002) (emphasis added).

On appeal, this court held that the VA reasonably construed "entitled to receive" in § 1311 and § 1318 to exclude "new claims filed posthumously by a veteran's survivor, that is, claims where no claim had been denied and was not subject to reopening." *NOVA II*, 314 F.3d at 1380. We remanded, however, for further rulemaking proceedings so that the VA could harmonize the implementing regulations for § 1311(a)(2) and § 1318. *Id.* at 1381.

This court's remand in *NOVA II* prompted the VA to promulgate 38 C.F.R. § 3.10(f)(3), which interpreted the phrase "entitled to receive" in § 1311(a)(2) to prohibit hypothetical entitlement claims. *See Kernea*, 724 F.3d at 1380. Specifically, § 3.10(f)(3) defines "entitled to receive" as used in § 1311(a)(2) to mean "that the veteran filed a claim for disability compensation during his or her lifetime and" either: (1) "would have received total disability compensation for [the eight years prior to death] but for [CUE] . . . in a decision on a claim filed during the veteran's lifetime;" or (2) "service department records . . . provide[] a basis for reopening a claim finally decided during the veteran's lifetime" and retroactively awarding a total disability rating for the eight years prior to death. 38 C.F.R. § 3.10(f)(3)(i-ii).

Section 3.10 became effective December 2, 2005, and applies to new claims filed after that date, as well as claims like Mrs. Moffitt's, which were pending before the VA prior to the effective date of the rule. *See* 70 Fed. Reg. at 72,212. This court subsequently affirmed § 3.10 as a reasonable interpretation of statutory authority. *See Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 476 F.3d 872, 876-77 (Fed. Cir. 2007) ("NOVA III") (finding that the VA's regulations implementing both

§ 1311 and § 1318—38 C.F.R. § 3.10(f)(3) and 38 C.F.R. § 3.22(b), respectively—were reasonable).

As the Veterans Court explained, we have consistently held that the VA's amended regulations barring hypothetical entitlement claims can be applied retroactively to claims filed before the regulatory amendments took effect. *See Rodriguez*, 511 F.3d at 1156 (holding that the amended version of 38 C.F.R. § 3.22 "may be applied to claims for DIC benefits filed by survivors before the amendment took effect"); *Tarver v. Shinseki*, 557 F.3d 1371, 1374-77 (Fed. Cir. 2009) (finding that 38 C.F.R. § 3.22 applies retroactively to previously-filed DIC claims).

Relevant to this appeal, we recently found that 38 C.F.R. § 3.10(f)(3) applied retroactively to bar a claim for enhanced DIC benefits under § 1311(a)(2) based on the hypothetical entitlement theory. *Kernea*, 724 F.3d at 1379-82. As noted, before the Veterans Court, Mrs. Moffitt argued that her case is distinguishable from *Kernea* because she filed her claim for enhanced DIC benefits in August 1999, before the VA took steps to prohibit the use of hypothetical entitlement. In contrast, by the time Ms. Kernea filed her claim in 2003, "the VA had amended § 20.1106 to explicitly refer to § 1311 and thereby bring the interpretation of § 1311(a)(2) in line with that of § 1318." *Kernea*, 724 F.3d at 1379. As we recognized in *Tarver*, however, the timing of a surviving spouse's DIC claim "is irrelevant to the first *Princess Cruises* factor—the nature and extent of the change in the law." *Tarver*, 557 F.3d at 1375. And in *Rodriguez*, we acknowledged that "many claimants who would have had a claim for DIC benefits" under precedent accepting the hypothetical entitlement theory "no longer have a claim due to the [VA's] amendment." 511 F.3d at 1153. The "analysis, however, cannot end there." *Id.* Instead, in both *Tarver* and *Rodriguez*, we found the regulatory amendments at issue insignificant because they "merely reinstated the [VA's] earlier interpretation" of the phrase

"entitled to receive" in § 1318. *Tarver*, 557 F.3d at 1375 (citing *Rodriguez*, 511 F.3d at 1154).

We agree with the Veterans Court that the VA's amendment to § 20.1106 and promulgation of § 3.10(f)(3) merely "reiterate VA's long-standing opposition to the use of hypothetical entitlement." *Moffitt*, 26 Vet. App. at 431 (internal quotation and citation omitted). The 1990 VA General Counsel opinion, which interpreted "entitled to receive" as requiring the "actual receipt" of benefits during a veteran's lifetime, coupled with the VA's regulatory amendments, support the Veterans Court's conclusion that the "Secretary has consistently disfavored hypothetical entitlement." *Id.* And, as the Secretary argues, "[a]lthough the hypothetical entitlement theory was cognizable for a brief period of time following *Hix*, that interpretation was not well settled, not of long standing, and was never expressly endorsed or adopted by VA." Sec'y Informal Br. 18. Accordingly, the first *Princess Cruises* factor weighs in favor of applying amended § 20.1106 and § 3.10(f)(4) to Mrs. Moffitt's claim.

## B.   Connection with Past Events

The second *Princess Cruises* factor is "the degree of connection between the operation of the new rule and a relevant past event." 397 F.3d at 1365. To determine "whether the statute or regulation at issue has a significant nexus to relevant past events, we have frequently looked to whether the rule affects 'primary conduct,' i.e., the conduct that gave rise to the suit or claim at issue." *Tarver*, 557 F.3d at 1375 (quoting *Rodriguez*, 511 F.3d at 1155). In *Tarver* and *Rodriguez*, we found that the amendment of 38 C.F.R. § 3.22 to preclude hypothetical entitlement claims under § 1318 did not have a significant connection to past events. *See Tarver*, 557 F.3d at 1375-76; *Rodriguez*, 511 F.3d at 1155.

In *Tarver*, we explained that, "[l]ike the claimant in *Rodriguez*, Mrs. Tarver is 'unable to point to anything she

would have done differently had she known the effect of the 2000 amendment when she filed her claim.'" *Tarver*, 557 F.3d at 1375 (quoting *Rodriguez*, 511 F.3d at 1155). Although the amendment at issue in *Tarver* "changed the legal standards from those that were applicable when Mrs. Tarver's claim was filed," the change "related only to the scope of a survivor's right to raise a collateral challenge to the agency's initial assessment of the disability." *Id.* at 1376. We explained that "[c]oncerns about retroactivity are at their nadir when the rule change in question is directed only to the scope of collateral review of a prior adjudication." *Id.* (citations omitted). Ultimately we concluded that, "even assuming that the second factor provides some support for Mrs. Tarver, the countervailing *Princess Cruises* factors weigh[ed] heavily against finding that according the regulation retroactive effect would be improper." *Id.* (citation omitted).

Likewise, in *Kernea*, we found that there was "nothing Ms. Kernea could have done differently had she known the effect of the 2005 amendment when she filed her claim." 724 F.3d at 1381. There, the relevant conduct "took place in the 1960s—decades before § 1311(a)(2) was even enacted—when [Ms. Kernea's] husband filed his disability claims." *Id.* We recognized that "Ms. Kernea's husband might have filed his disability claim 'earlier or prosecuted it more vigorously in the first instance,' . . . if he had known that hypothetical entitlement claims would be disallowed." *Id.* (quoting *Tarver*, 557 F.3d at 1375). But because he filed his claims "decades before Congress enacted § 1311(a)(2), before this court decided *Hix*, and before the VA promulgated § 3.10(f)(3), his failure to conform his conduct to the requirements of amended rule [3.10(f)(3)] cannot be attributed to the change in the law occasioned by that rule." *Id.* (alteration in original) (internal quotation and citation omitted).

Applying our reasoning in *Kernea*, the Veterans Court noted that the relevant conduct here "took place either in

1946 when Mr. Moffitt filed his initial claim for benefits or 1979 when he filed his request for a total disability rating based on individual unemployability." *Moffitt*, 26 Vet. App. at 432. Both claims were filed well before Congress enacted § 1311(a)(2), before this court's decision in *Hix*, and before the VA promulgated § 3.10(f)(3). Accordingly, as was the case in *Kernea*, Mr. Moffitt's "failure to conform his conduct to the requirements" of amended rules 20.1106 and 3.10(f)(3) "cannot be attributed to the change in the law occasioned by" those rules. *Id.* (quoting *Kernea*, 724 F.3d at 1381).

We see no reason to disturb the Veterans Court's analysis. Even assuming, as in *Tarver*, that "the second factor provides some support" for Mrs. Moffitt because the amended regulations "changed the legal standards from those that were applicable" when her claim was filed, 557 F.3d at 1376, the remaining *Princess Cruises* factors weigh in favor of applying revised § 20.1106 and § 3.10 retroactively.

### C. Fair Notice, Reasonable Reliance, and Settled Expectations

Finally, the third *Princess Cruises* factor requires consideration of "familiar considerations of fair notice, reasonable reliance, and settled expectations." 397 F.3d at 1366. Although this court has declined to determine how much weight to give this factor, we have noted that the Court of Appeals for the District of Columbia Circuit appears to view it "as akin to a tiebreaker in close cases." *Princess Cruises*, 397 F.3d at 1366 (citing *Marrie v. SEC*, 374 F.3d 1196, 1207 (D.C. Cir. 2004)).

Before the Veterans Court, Mrs. Moffitt argued that, because she filed her claim before the VA took any "public steps" to "disallow hypothetical entitlement," she did not have notice that hypothetical entitlement was no longer an available theory of recovery. *Moffitt*, 26 Vet. App. at 432. We agree with the Veterans Court that "it should

have been apparent . . . when Mrs. Moffitt filed her claim in 1999 [that] the hypothetical entitlement theory may no longer be permitted for section 1311 claims." *Id.*

As previously discussed in the context of the first *Princess Cruises* factor, the Secretary has disfavored hypothetical entitlement since at least the 1990 VA General Counsel Opinion, and appealed the Veterans Court's decision in *Hix. Id.* Mrs. Moffitt's claims were specifically stayed pending resolution of that litigation. In *Tarver*, we found that the VA had an "unwavering opposition to hypothetical entitlement claims" such that "any expectation that the statutory interpretation . . . was not subject to change through administrative action would have been objectively unreasonable." *Tarver*, 557 F.3d at 1376. We agree with the Veterans Court that Mrs. Moffitt's claim was filed against this same background. We therefore conclude that the third factor weighs in favor of retroactive application.

## CONCLUSION

For the foregoing reasons, we find that, on balance, the *Princess Cruises* factors weigh in favor of applying the amendment to § 20.1106 and promulgation of § 3.10(f)(3) retroactively to bar Mrs. Moffitt's hypothetical entitlement claim. Accordingly, the judgment of the Veterans Court is affirmed.

## AFFIRMED

## COSTS

Each party shall bear its own costs.