Citation Nr: 1456936 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 10-40 642 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim of entitlement to dependency and indemnity compensation (DIC) benefits under 38 U.S.C.A. § 1318.

2. Whether new and material evidence has been received to reopen the claim of service connection for the cause of the Veteran's death.

3. Entitlement to dependency and indemnity compensation (DIC) benefits under 38 U.S.C.A. § 1318.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

A. Rocktashel, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1969 to November 1971. He died in August 2005. The Appellant claims as his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

In an unappealed August 2006 rating decision, the RO denied entitlement to dependency and indemnity compensation (DIC) benefits under 38 U.S.C.A. § 1318 and service connection for the cause of the Veteran's death. In the February 2009 rating decision, the RO considered the claims reopened. As the issue of reopening is jurisdictional, the Board, in the first instance, must rule on the matter of reopening. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001); Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996). The Board's characterization of the issues on appeal reflects such rulings, which are discussed below. 

The Board notes that the Appellant was scheduled for a Board hearing to be conducted via video-conference in January 2014. The Appellant failed to appear, however, she submitted an April 2014 statement explaining why she failed to appear. In May 2014, the Board remanded the case to reschedule the Appellant for a Board video-conference hearing. As such, in an August 2014 letter, the Appellant was advised that her rescheduled video-conference hearing was scheduled for September 2014. However, according to the Veterans Appeals Control and Locator System, the Appellant failed to appear for her scheduled Board hearing, has not shown good cause for her failure to report, and has not requested rescheduling of the hearing. Under these circumstances, the Appellant's request for a Board hearing is deemed withdrawn. 38 C.F.R. §§ 20.702(d), 20.704(d) (2014).


FINDINGS OF FACT

1. In an unappealed August 2006 rating decision, the RO denied the claims of entitlement to dependency and indemnity compensation (DIC) benefits under 38 U.S.C.A. § 1318 and service connection for the cause of the Veteran's death.
 
2. Evidence received since the August 2006 rating decision relates to an unestablished fact necessary to substantiate the claim of entitlement to dependency and indemnity compensation (DIC) benefits under 38 U.S.C.A. § 1318.

3. The evidence associated with the claims file subsequent to the August 2006 rating decision on the claim of service connection for the cause of the Veteran's death is cumulative and redundant of evidence already of record at the time of that decision.

4. The Veteran was not evaluated totally disabled for a service-connected disability for 10 continuous years immediately preceding his death; was not totally disabled from the date of his discharge for a period of not less than 5 years immediately preceding his death; and was not a former prisoner of war (POW). 

5. The Veteran was not "entitled to receive" total service-connected disability compensation by way of any of the possible exceptions listed under 38 C.F.R § 3.22(b). 



CONCLUSIONS OF LAW

1. The August 2006 rating decision denying entitlement to dependency and indemnity compensation (DIC) benefits under 38 U.S.C.A. § 1318 and service connection for the cause of the Veteran's death is final. 38 U.S.C.A. §§ 5108, 7105 (West 2002 & Supp. 2007); 38 C.F.R. § 20.1103 (2007).

2. Evidence received since the August 2006 rating decision is new and material with respect to the claim of entitlement to dependency and indemnity compensation (DIC) benefits under 38 U.S.C.A. § 1318, and the claim is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a), 38 C.F.R. § 20.1105 (2014).

3. New and material evidence has not been received to reopen the claim of service connection for the cause of the Veteran's death. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2014).

4. The criteria are not met for DIC pursuant to 38 U.S.C.A. § 1318. 38 U.S.C.A. § 1318 (West 2014); 38 C.F.R. §§ 3.22, 20.1106 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA's Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). The VCAA applies to the instant claim. 

VA is required to notify the claimant and her representative of any information, and any medical or lay evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

The duty to notify in this case was satisfied by letters sent to the Appellant in October 2008 and April 2010. The claim was last adjudicated in August 2013.

The VCAA also requires VA to make reasonable efforts to help a claimant obtain evidence necessary to substantiate his claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c), (d). This "duty to assist" contemplates that VA will help a claimant obtain records relevant to his claim, whether or not the records are in Federal custody, and that VA will provide a medical examination or obtain an opinion when necessary to make a decision on the claim. 38 C.F.R. § 3.159(c)(4). 

In a DIC case, VA must, as part of the duty to assist, "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit." 38 U.S.C.A. § 5103A(a)(1); Wood v. Peake, 520 F.3d 1345, 1348 (Fed.Cir.2008). This requirement obligates VA to assess whether it is necessary to obtain a medical opinion in order to substantiate the claimant's claim. Id. VA is only excused from making reasonable efforts to provide assistance, if requested, when "no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C.A. § 5103A(a)(2).

VA has fulfilled its duty to assist in obtaining identified and available evidence needed to substantiate the claim. Service treatment records, service department records, post-service medical records, lay statements, and the Veteran's death certificate have been associated with the record. Because the Board is denying the reopening of the claim of service connection for the cause of the Veteran's death, the Board finds it is not necessary for VA to obtain a medical opinion in that regard.
For the reasons set forth above, the Board finds that VA has complied with the VCAA's notification and assistance requirements. There is no additional evidence which needs to be obtained. The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran.

New and Material Evidence

Generally, a claim which has been denied in a final unappealed RO or Board decision may not thereafter be reopened and allowed. 38 U.S.C.A. §§ 7103(a), 7104(a), 7105. An exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, VA shall reopen the claim and review the former disposition of the claim. 

The implementing regulation also provides that new and material evidence received prior to the expiration of the appeal period will be considered as having been filed in connection with the claim that was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b). For applications to reopen received after August 21, 2001, new evidence is defined as existing evidence not previously submitted to agency decisionmakers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. 

New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

In deciding whether new and material evidence has been submitted, the Board looks to the evidence submitted since the last final denial of the claim on any basis. Evans v. Brown, 9 Vet. App. 273, 285 (1996). The threshold for determining whether there is new and material evidence is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). 

However, the Board notes that, according to the plain language of the regulation, evidence that is merely cumulative of other evidence in the record cannot be new and material even if that evidence had not been previously presented to the Board. Anglin v. West, 203 F.3d 1343 (Fed. Cir. 2000). The Board must presume the credibility of evidence for the purpose of determining whether it constitutes new and material evidence needed to reopen the claims and may not assess its probative weight in relation or comparison to other evidence for reopening purposes. See Justus v. Principi, 3 Vet. App. 510, 513 (1992) (in determining whether evidence is new and material, "credibility" of newly presented evidence is to be presumed unless evidence is inherently incredible or beyond competence of witness).

In this case, the Appellant was denied entitlement to DIC pursuant to 38 U.S.C.A. § 1318 and service connection for the cause of the Veteran's death in an August 2006 rating decision. The evidence considered at the time of the August 2006 rating decision was the entire claims file including service department records, service treatment records, VA treatment records, VA examination reports including a VA Agent Orange examination for respiratory conditions, claims forms completed by the Veteran, the Veteran's lay statements, June 1980, August 1980, February 1990, April 1995, October 2000, December 2002, August 2003, and June 2005 rating decisions, the Veteran's death certificate, and the March 2006 DIC claim form completed by the Appellant. 

The claim for entitlement to DIC pursuant to 38 U.S.C.A. § 1318 was denied because none of the requirements for DIC pursuant to 38 U.S.C.A. § 1318 were met. The claim for service connection for the cause of the Veteran's death was denied because the review of the claim file did not reveal a relationship between the cause of the Veteran's death, pneumonia, and the Veteran's active duty. The death certificate also revealed that injuries sustained in a motor vehicle accident contributed to death as well. The Appellant failed to timely file and perfect an appeal.

The evidence submitted after the August 2006 rating decision consists of statements by the Appellant that the Veteran was a former prisoner of war and that he should have been evaluated as 100 percent disabled from his first day of combat. Presuming the credibility of the statements for reopening purposes, the Board finds this statement are new and material to the claim of entitlement to DIC pursuant to 38 U.S.C.A. § 1318. Accordingly, the Board finds that the claim of entitlement to DIC pursuant to 38 U.S.C.A. § 1318 is reopened

With respect to reopening the claim of service connection for the cause of the Veteran's death, the statements from the Appellant since the August 2006 rating decision are not pertinent to this claim. To establish service connection for the cause of the Veteran's death, the service-connected disability must be either the principal or a contributory cause of death. 38 C.F.R. § 3.312(a). A disability is the principal cause of death if it was the immediate or underlying cause of death, or was etiologically related to the death. 38 C.F.R. § 3.312(b). A disability is a contributory cause of death if it contributed substantially or materially to the cause of death, combined to cause death, or aided or lent assistance to producing death - e.g., when a causal connection is shown. 38 C.F.R. § 3.312(c). The Veteran's status as a POW and the effective date of his 100 percent evaluation for PTSD have no relevance as to whether the Veteran's death was principally or contributorily caused by a service-connected disability. Accordingly, the Board finds that, even under the low threshold of Shade, the evidence is not new and material and, thus, the Board denies reopening of the claim of service connection for the cause of the Veteran's death. 




Governing Laws and Regulations for 38 U.S.C.A. § 1318 Claim

Under 38 U.S.C.A. § 1318, VA death benefits may be paid to a deceased Veteran's surviving spouse or children in the same manner as if the Veteran's death is service-connected, even though the Veteran died of non-service-connected causes, if the Veteran's death was not the result of his or her own willful misconduct and at the time of death, the Veteran was receiving, or was "entitled to receive," compensation for service-connected disability that (1) was continuously rated as totally disabling for the 10 years immediately preceding death, (2) was continuously rated as totally disabling for a period of not less than 5 years from the date of his discharge or release from active duty or (3) was continuously rated as totally disabling for a period of not less than one year immediately preceding death, and the Veteran was a former prisoner of war (POW) who died after September 30, 1999. 38 U.S.C.A. § 1318 (West 2014); 38 C.F.R. § 3.22(a) (2014). The total rating may be schedular or may be a total disability rating based on unemployability (TDIU). 38 C.F.R. § 3.22(c). 

The term "entitled to receive" means that, at the time of death, the Veteran had filed a claim for disability compensation during his lifetime, and the Veteran had service-connected disability rated totally disabling by VA for the requisite time period, but was not receiving compensation due to six possible circumstances: (1) VA was paying the compensation to the Veteran's dependents; (2) VA was withholding the compensation under authority of 38 U.S.C. § 5314 to offset an indebtedness of the Veteran; (3) the Veteran had not waived retired or retirement pay in order to receive compensation; (4) VA was withholding payments under the provisions of 10 U.S.C. § 1174(h)(2); (5) VA was withholding payments because the Veteran's whereabouts were unknown, but the Veteran was otherwise entitled to continued payments based on a total service-connected disability rating; or (6) VA was withholding payments under 38 U.S.C.A. § 5308 but determines that benefits were payable under 38 U.S.C.A. § 5309. 38 C.F.R. § 3.22(b)(3). 

In addition, the term "entitled to receive" can mean that the Veteran filed a claim for disability compensation during his lifetime and one of the following two circumstances is met: (1) the Veteran would have received total disability compensation at the time of death for a service-connected disability rated totally disabling for the period specified in paragraph (a)(2) of this section but for clear and unmistakable error (CUE) committed by VA in a decision on a claim filed during the Veteran's lifetime concerning the issues of service connection, disability evaluation, or effective date; or (2) additional evidence submitted to VA before or after the Veteran's death, consisting solely of service department records that existed at the time of a prior VA decision but were not previously considered by VA, provides a basis for reopening a claim finally decided during the Veteran's lifetime and for awarding a total service-connected disability rating retroactively in accordance with §§ 3.156(c) and 3.400(q)(2) of this part for the relevant period specified in paragraph (a)(2) of this section. 38 C.F.R. § 3.22(b)(1) and (2). 

The Federal Circuit has ruled that § 1318 DIC claims are not subject to a "hypothetical entitlement" analysis. Rodriguez v. Peake, 511 F.3d 1147, 1156 (2008). See also Tarver v. Shinseki, 557 F.3d 1371, 1377 (Fed. Cir. 2009). Therefore, the state of the law is such that claims for DIC benefits under 38 U.S.C.A. § 1318 must be adjudicated with specific regard given to decisions made during the Veteran's lifetime and without consideration of hypothetical entitlement for benefits raised for the first time after a Veteran's death. See again Rodriguez v. Peake, 511 F.3d 1147 (2008).

Analysis - 38 U.S.C.A. § 1318 Claim

The Appellant contends that the Veteran was a prisoner of war. She also contends that the Veteran should have been entitled to a total disability rating for his PTSD from "day 1 of combat." See September 2010 Form 9. Accordingly, she argues, she is entitled to DIC benefits pursuant to 38 U.S.C.A. § 1318.

As discussed above, the Veteran died August 22, 2005. Prior to death, the Veteran had been in receipt of a total disability rating for posttraumatic stress disorder (PTSD), effective August 30, 2002. This is a period of just under three years. Thus, while the Veteran was considered totally disabled at the time of his death, he was not in receipt of a 100 percent rating for 10 years preceding his death. During the Veteran's lifetime, he did not challenge the assigned effective date for the evaluation of 100 percent for his PTSD. The Veteran also did not have total disability (100 percent) for at least five years from the date of his separation from service in November 1971. 

The Appellant's allegation that the Veteran was a POW is contradicted by statements on record from the Veteran. In the Veteran's January 1974 and January 1979 applications for VA benefits, the Veteran denies having been a POW. Furthermore, in a November 1989 statement detailing his Vietnam service, the Veteran does not include a reference to being a POW. Treatment records and examination reports associated with his PTSD claim all reveal no reference to the Veteran being a former POW. The Board finds more probative and credible the statements by the Veteran on record denying having been a POW, than the statements by the Appellant claiming the Veteran was a POW, which were made in conjunction with a claim for compensation. Thus, the Board finds the Veteran was not a former POW.

Accordingly, the Board finds that the Veteran was not in actual receipt of total 100 percent disability compensation due to service-connected disabilities prior to his death in August 2005 for any of the required periods of time. 38 U.S.C.A. § 1318(b) (West 2014); 38 C.F.R. § 3.22(a) (2014). Therefore, the Board finds that entitlement to 38 U.S.C.A. § 1318 benefits are not met on this basis. 

Moreover, the Appellant has not claimed entitlement to DIC, under the provisions of 38 U.S.C.A. § 1318, based on the submission of new and material service department records to reopen a previously final VA decision, nor has it been argued that, but for the receipt of VA or military retirement pay, the Veteran would have been entitled at the time of his death to receive compensation for a service-connected disability that was continuously rated totally disabling by schedular or unemployability rating for a period of 10 or more years immediately preceding death, or was continuously rated totally disabling by schedular or unemployability rating from the date of the Veteran's discharge from service. The Board also notes that the Appellant has not raised a claim of CUE in a final rating decision, pursuant to 38 C.F.R. § 3.105(a). See Fugo v. Brown, 6 Vet. App. 40 (1993) and Damrel v. Brown, 6 Vet. App. 242 (1994) (emphasizing the pleading requirements for raising, and burden of proof for establishing, a CUE claim).

The Appellant's claim that the Veteran was 100 percent disabled due to PTSD from "day 1 of combat" amounts to a claim of hypothetical entitlement which is barred as a matter of law. Rodriguez, 511 F.3d at 1156; Tarver, 557 F.3d at 1377. 

Thus, there is nothing to change the fact that the Veteran, who died over 30 years after his discharge from service, had no service-connected disability or disabilities rated as totally disabling for at least 10 years prior to his death. Rather, he was in receipt of a 100 percent evaluation for PTSD from August 2002 until his death in August 2005-a total of just under three years. The preponderance of the evidence reflects that the Veteran was not a POW.



 (CONTINUED ON NEXT PAGE)



ORDER

The Appellant's application to reopen the claim of DIC pursuant to 38 U.S.C.A. § 1318 is granted.

The Appellant's application to reopen the claim of service connection for the cause of the Veteran's death is denied.

DIC pursuant to 38 U.S.C.A. § 1318 is denied.


____________________________________________
MICHAEL D. LYON 
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs